June Term, 1860.

STATE ex rel. TESCH v. VON BAUMBACH

---

## STATE ex rel. TESCH vs. VON BAUMBACH.

The legislature has power to prescribe the qualifications of city, town or village officers.

A provision in the charter of a city, that "if any member of the common council shall, while a member, be elected to any other office of said city, such election shall be void," is not unconstitutional.

This was an action of *quo warranto*, brought in this court by the attorney general, in the name of the state, on the relation of *Tesch*, to determine by what warrant the defendant held the office of treasurer of the city of Milwaukee, and to determine also the title of the relator to the same office. The answer admits that at an election held in the city of Milwaukee on the 3d day of April, 1860, for the election, among other officers, of a treasurer of said city for the year ensuing the second Tuesday of that month, the relator received a majority of all the votes cast for any person for that office,

 

but denies his title to the office upon the grounds, that at the time of the election he was a member of the common council of said city, and was therefore, by law, ineligible to the office of city treasurer, and that, if eligible, he had failed to file his bond as required by law. The answer also alleged that at an election held in said city of Milwaukee on the 5th day of April, 1859, the defendant was duly elected treasurer of said city, to hold said office from the first Monday of June, 1859, until the second Tuesday of April, 1860, and until his successor should be duly elected and qualified, and therefore lawfully continued to hold said office and discharge the duties thereof. Demurrer to the answer.

*Butler, Buttrick & Cottrell,* for relator.

It is conceded that *Tesch* was a member of the common council when elected to the office of treasurer, unless his consent to accept an office which was incompatible with that which he already held was, by implication, a resignation of the latter. *The People vs. Carrique,* 2 Hill, 93. It was contended, however, that *Tesch* was ineligible under the 61st section of the amendments to the charter of the city of Milwaukee, passed at the session of 1858, which is as follows: "If any member of the common council shall, while a member, be elected to any other office of said city, such election shall be void." The constitutional power of the legislature to establish arbitrary exclusions from office, or any general regulation requiring qualifications which the constitution does not require, is denied. *Barker vs. The People,* 3 Cow., 703; *State vs. Williams,* 5 Wis., 308. The constitution having declared who are eligible to certain offices, and who, under certain circumstances, shall be ineligible, (Art. 13, § 3; Art. 3; Art. 4, § 12; Art. 5, § 2; Art. 6, § 4; Art. 7, § 10,) we claim as a legal inference, that it was not the design of the constitution to confer upon the legislature the power to determine the eligibility of any person to offices of trust and profit.

*H. L. Palmer,* for defendant:

Corporations for municipal purposes may be created by general law. Constitution, Art. 11, § 1. The legislature is authorized to provide for the organization of cities and vil-

June Term, 1860.

STATE ex rel. TESCH

v.

VON BAUMBACH

lages, &c. Art. 11, § 3. Their officers are to be elected or appointed as prescribed by the legislature. Art. 13, § 9. Municipal corporations are the mere creatures of the legislative power, and may be organized upon such conditions as the legislature may deem expedient to prescribe. The legislature may define their limits; may limit and define their powers; and may impose such conditions upon the grant of powers as it may think proper. It may prescribe the qualifications of voters, the term of office, *and the qualifications for office. Robertson vs. Rockford*, 21 Ill., 451–458.

The court will not declare a law void as being in conflict with the constitution unless it is *clearly* so. *Sears vs. Cottrell*, 5 Mich., 251, 254, 258. Counsel also cited *State vs. Wilmington*, 3 Harrington, (Del.,) 294; Grant on Corp., 13, (80 Law Lib., 25;) Wilcock on Corp., p. 195, §§ 492, 497, p. 26, § 13, (12 Law Lib., 108, 14.)

July 17. *By the Court*, DIXON, C. J. Conceding the correctness of the principles laid down by the court in *Barker vs. The People*, 3 Cow., 686, still, we think the defendant is entitled to judgment on the demurrer. The discussion in that case was directed to the power of the legislature to establish arbitrary tests and qualifications for offices *created by the constitution*, which the constitution did not require, and which were repugnant to its provisions; and neither the arguments nor the opinion went beyond that question. As to all such offices and public trusts, to which the people, in the exercise of their paramount authority, have impliedly declared who shall be eligible, either by prescribing special circumstances which shall disqualify, or by reserving to themselves or to the appointing authorities a certain freedom of choice, there are very obvious reasons for holding that eligibility is in the nature of a constitutional right, and that the legislature possesses no power of exclusion not given by the constitution; but it is manifest that those reasons cannot be applied to a mere statutory office which the legislature may create and abolish at will, and concerning which the constitution contains no express provisions. The office in question is of the latter kind, and it is incumbent on those who would main-

tain that the legislature is forbidden, either expressly or by <span>June Term, 1860.</span> implication, from enacting that a member of the common council shall be ineligible, or that his election shall be void, to point out the specific provisions of the constitution con- taining the prohibition. Those to which we are referred were clearly intended to have a different application, and are satisfied when their operation is confined to the immediate purposes for which they were introduced. They were never designed to limit or control the action of the legislature in respect to those matters which were considered too unimpor- tant to be made the subjects of constitutional regulation; and it would be a plain violation of the spirit and purposes of the constitution so to apply them. Matters thus omitted are subjected to the discretion of the legislature which rep- resents the sovereign power of the state and can make such rules as it deems wholesome and proper for the main- tenance of good government. The constitution does not prescribe the qualifications of city, town or village officers, nor declare who shall or shall not be eligible, and hence it is within the power of the legislature to provide for them. It merely directs how such officers shall be elected or ap- pointed. Sec. 9, Art. XIII. There is therefore no constitu- tional objection to the statute under consideration, and the election of the relator was void.

Judgment for the defendant.