## CATHERINE LYNCH *vs.* URIAH H. COFFIN.

Suffolk. March 9. — June 29, 1881. COLT, ENDICOTT & DEVENS, JJ.,
absent.

If, at the trial of an action, the plaintiff introduces evidence which, if material,
tends to show an improper advance made by the defendant to a witness for the
plaintiff, it is within the discretion of the presiding judge to allow the defendant
to testify in explanation of his conduct.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant's servants. Answer, a general denial. Trial in the Superior Court, before *Allen,* J., who allowed a bill of exceptions, in substance as follows:

James Douglas was a material witness for the plaintiff, and, on his direct examination, was asked by the plaintiff's counsel if the defendant had come to him and asked him to go to his counsel's office. Douglas answered that he had. There was no further inquiry or answer in this direction.

The defendant, while testifying as a witness, was asked by his counsel, against the plaintiff's exception, the following question: " What did Douglas say to you and you to him when you went to see Douglas and asked him to go up to your counsel's office?" The defendant answered, "I asked him to go up to my counsel's office; he said he had been over to Cambridge three or four days, and had got nothing for it; that he was a poor man and could not afford to lose his time, and that he had a job and could not go up. I asked him how much he was going to get for the job, and he said two dollars. I said you will only lose a half-day, I will give you a dollar; so I gave him a dollar, and he agreed to come up Monday morning, but did not."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. R. Train & M. H. Swett,* for the plaintiff.

*N. Morse & H. G. Allen,* for the defendant.

LORD, J. The plaintiff asked a witness, called by herself, a question which necessarily called for the witness's interpretation of language used by the defendant. She asked but a single question, and the answer as given was unimportant and

immaterial. Whether it would ever become material did not then appear.

The defendant was subsequently a witness in his own behalf, and his counsel asked him to give the language used by him and by the witness in the interview to which the plaintiff's inquiry related, and he was permitted to give it. If there were any materiality in the answer, it was made so solely by reason of the plaintiff's inquiry. It was indeed very unimportant, if material; but it was clearly within the discretion of the presiding judge to admit it, even though it should not prove to be material.

We cannot, however, doubt its competency. If the plaintiff's inquiry of the witness had any materiality, it was to show that there was something unfair or improper in the advance made to the witness. If the defendant's statement is true, it repels such idea.                                    *Exceptions overruled.*