# Germantown Passenger Railway Co. *versus* Brophy.

1. In an action against a street passenger railway company to recover damages for an injury to a passenger, caused by a collision with another car of the defendant company while turning a curve, the fact that the plaintiff was sitting with his arm resting on the window-sill wholly within the car, and by the jolt it was thrown out and injured, is not contributory negligence per se.

2. In such case, where it appeared that cars going in opposite directions on a double track road, could not pass round the curve without danger of coming into contact, and the testimony was conflicting as to whether plaintiff was sitting with his arm wholly within or partly outside the window, the questions of negligence and contributory negligence were properly submitted to the jury.

January 14, 1884.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK JJ.

ERROR to the Court of Common Pleas No. 2 of *Philadelphia county*: Of January Term, 1883, No. 408.

Case, by John Brophy against the Germantown Passenger Railway Company, to recover damages for personal injuries sustained by the plaintiff while riding in a passenger car on the defendant's street railway, caused, as alleged, by the negligence of defendant's servants.  Plea not guilty.

On the trial, before MITCHELL, J., the following facts ap-

peared: On September 19th, 1881 the plaintiff was riding in a street car of the defendant. At the corner of 25th and Girard Ave. the double tracks of the defendant company in turning the corner approach so near to each other that two cars going in opposite directions cannot pass each other at a certain point without danger of striking or rubbing. The drivers of cars going eastward, in which direction there is a down grade, were in the habit of stopping on approaching the curve, when a car coming westward was turning the curve. The car in which the plaintiff was riding was going westward and while turning the curve a car on the other track going eastward collided with it whereby the plaintiff's arm was seriously injured. The testimony was directly conflicting as to whether the plaintiff was sitting with his elbow outside or inside of the car window; he himself testified that his arm was resting on the window ledge at the back of the seat, wholly inside the window sash, which was raised but a few inches. In this he was corroborated by a fellow passenger. The conductor of the car and two other passengers testified that the window was up and fastened with a catch, and plaintiff's elbow or arm projected outside the car. The testimony was also contradictory, whether there was a violent collision or not. One passenger testified " there was a terrible shock and jolt of the car; there was a loud noise; it sounded as if the end of the car was taken off; the car was going rapidly." An employee of the defendant, who was a passenger standing on the rear platform of the car, testified that he "did not notice any jar when the plaintiff was struck, more than a thud; no windows were broken. The corners of the shutes on both cars showed rubs." Other witnesses for defendant testified that all the marks were on the "shutes," or projecting tops of the cars, and that when they touched there would be several inches space between the body of the cars at the line of the window sills.

The defendant presented, inter alia, the following point:

5. If the plaintiff placed his arm on the window-sill, and by a jolt of the car it was thrown out of the window, and he was injured, he was guilty of contributory negligence, and he cannot recover.

Answer. I refuse that, gentlemen, as a question of law. I leave it to you. It will be for you to consider as a question of fact whether, if this plaintff was riding in that way, it was negligence on his part which contributed to the injury.

The Court in the charge instructed the jury that it would be contributory negligence, per se, for a man to ride at the dangerous point in question with his arm projecting out of the window, and submitted the questions of negligence and contributory negligence to the jury.

[Germantown Passenger R. R. Co. *v.* Brophy.]

Verdict for the plaintiff for $1000, and judgment thereon. The defendant took this writ of error assigning for error, inter alia, the answer to his fifth point as above.

*Samuel Gustine Thompson* for plaintiff in error.—This is a case where it would have been impossible for the plaintiff to have been injured without his having negligently placed his arm in a dangerous position. While the testimony was conflicting as to its precise position at the time of the accident, it was undisputed that the only evidence of collision apparent upon the cars was the rubbing of the overhanging shute or roof; the absence of marks on the body of the car would indicate that the cars did not touch except above the windows. No other passenger was injured, and the plaintiff would not have been if he had sat as the others sat. The opinion of the Court in Railroad Co. *v.* McClurg, 6 P. F. S., at p. 297, applies to the facts of this case. See also Todd *v.* Railroad Co., 7 Allen, 207; Clark *v.* Eighth Ave. R. R. Co., 36 N. Y., 139; Railroad Co. *v.* Jones, 5 Otto, 443.

*Rudolph M. Schick* (*Jas. S. Nickerson* with him) for the defendant in error.

Chief Justice MERCUR delivered the opinion of the Court, January 28th, 1884.

The jury found on most ample evidence, that the plaintiff in error was guilty of negligence in the act which caused the injury.

The company has two railway tracks separated by so narrow a space on a curve that when its cars were passing in different directions they came in collision, whereby the defendant in error, a passenger in one of the cars, was injured. The main contention is whether he was guilty of contributory negligence in producing the injury to his arm. The evidence was conflicting as to his position at the time the collision occurred. The company claimed and gave some evidence that his arm projected out of the window. He testified that while the windows were open they stuck up about two inches, and he had his arm against the top of the window sash, and inside of both windows, and that the collision threw his arm out of the window.

The learned judge charged that if he sat with his arm out of the window when the collision occurred, he was guilty of negligence and could not recover. Not satisfied with this the counsel for the company requested the Court to charge if the defendant in error placed his arm on the window-sill, and by a jolt of the car it was thrown out of the window and he was

[Kibele *v.* The City of Philadelphia.]

injured, he was guilty of contributory negligence and could not recover. The Court refused to so charge, but left it to the jury to find whether if he was so riding, it was negligence on his part which contributed to the injury. The company has no just cause of complaint of this answer. It would have been clear error if the Court had instructed the jury that occupying such a position was negligence *in law.* Resting his arm on the window-sill wholly within the car created no legal presumption of negligence. If it constituted negligence, it was a fact to be found by the jury, to whom it was submitted, and it was not to be so declared by the Court. In the absence of a collision with an external object his arm was in no danger of injury. He was under no legal obligation to assume or anticipate that the company would run another car against the one in which he was sitting. The window-sill in a railway car is substantially the top of the back of the seat. It cannot be declared negligence in law for a passenger to so rest his arm, and the jury has found it is not negligence in fact. No assignment of error is sustained.

Judgment affirmed.