Miller, J.
 

 The only questions presented upon this appeal relate to the rulings of the judge in regard to the evidence. It is insisted by the appeHant’s counsel that certain testimony of one of the witnesses for the respondent, Daniel Creegan, was incompetent and improper, and that the court erred in refusing to strike out the same. The questions put to the witness were not objectionable, but it is urged that the answers were improper, and should have been stricken out in accordance with the motion made by the appeHant’s counsel. The following was one of the questions put to the witness and the answer given:
 

 “ Q. Just describe the position of his right elbow, in reference to that window of the car? A. Mr. HaUahan sat straight up in the seat at the widow, and his elbow was resting on the siH, and I should judge that it could not project out of the window by the position that he held it in the car.”
 

 
 *368
 
 Defendant’s counsel objected to the latter part of the-, answer commencing at “and I should judge,” etc,, and moved to strike it out on the ground that it was a conclusion, and not a statement of fact, which motion was denied, and defendant excepted. The witness was also asked:
 

 “ Q. Was or was not his elbow, at the time this object, struck the car, inside or outside the car window?” To which he answered: “It could not be outside the car-
 

 window. It was probably on a level with the outside of the car. My opinion was, from the position, that it was inside.”
 

 Counsel for defendant objected to this answer, and moved to strike it out on the ground that it was the opinion of witness, and not a statement of fact, and the motion was granted as to the part, “my opinion,” etc. Defendant’s counsel excepted to the refusal to strike out the remainder of the answer.
 

 The objection to the first answer was upon the ground that it gave witness’ opinion as to the position of the plaintiff’s elbow, which would have been inadmissible if it had been asked for by a question put for that purpose. The witness had described the position of the plaintiff’s arm, and his-expression, ‘ ‘ I should judge, ” was qualified by what he had previously stated, and by what he stated afterwards. It. was a simple' statement of the facts as they actually existed, with the qualification that, in the position his arm was, it could not project out of the car window. It was merely a careful statement of the facts, without a positive allegation, as to its accuracy, and not in the nature of an opinion alone. It may be regarded as the statement of a witness who is. extremely cautious in giving evidence. The expression used, and others of a similar character, such as “I think,” when the facts are presented, cannot always be regarded as a mere opinion. Oases frequently arise where witnesses are-called upon to state the appearance of a person at a particular time, when a question arises as to the soundness of his-, mind, and, when the facts are stated, the witness can properly be allowed to testify as to such appearance in a manner which, to some extent, involves the judgment of the witness.
 

 Within this rule, we think the answer given to the first question was not objectionable. But even if the evidence may be regarded as calling for an opinion in any way, as the testimony was based upon the personal knowledge of the facts, we think it may be considered as competent.
 
 Blake
 
 v.
 
 People,
 
 73 N. Y., 586. The cases relied upon by the appellant’s counsel are not adverse to the rule laid down.
 

 The remarks we have made will apply to the answer given to the second question. The objectionable part of that
 
 *369
 
 answer was stricken out, and what remained was proper testimony, based upon the facts previously stated that the witness saw the position of the plaintiff’s elbow.
 

 Another witness on the trial testified that he was sitting about the middle of the car, on the right-hand side, and at this point there was a rattling noise which appeared to be on the same side; that the people looked around apparently wondering what the trouble was; that he noticed a commotion in the forward part of the car; that he went there, and saw the plaintiff was hurt. He was then asked, “Did you notice any confusion produced among the passengers by the noise on the outside of the car ?” This question was objected to on the ground that it was immaterial and improper. Objection overruled, and an exception taken. We think the plaintiff had a right to prove all the circumstances attending the accident as a part of the
 
 res gestee,
 
 and to show that others in the car heard the noise of the collision of the crane with the car; the confusion being the result of the collision, and showing the nature thereof. Similar testimony was given by other witnesses without objection. The evidence was, we think, admissible. We are not at liberty to review the questions of fact presented by the evidence upon the trial, and the verdict of the jury is conclusive in regard to them.
 

 The judgment should be affirmed.
 

 All concur, except Rapadlo, J., absent.