HUBERT FRANCIS, Respondent, *v.* THE NEW YORK STEAM COMPANY, Appellant.

Defendant lawfully opened a trench in a city street parallel with the track of a street railroad company. It constructed a passage-way or bridge across this trench, with uprights at each end, which supported a handrail on each side. The uprights nearest the track of the railroad were higher than the sills of the windows of the street cars, and were about three or four inches from the side of a passing car. Plaintiff was a passenger upon the railroad in the summer time; he was sitting at an open window of a car and had his arm broken as the car passed the bridge. In an action brought to recover damages, plaintiff claimed that the bridge was so insecurely built that one of the uprights fell upon his arm, which was at the time within the car. Defendant claimed that the injury was caused by plaintiff's arm extending so far out of the window that it came in contact with the upright. The testimony upon this point was conflicting. It did not appear that plaintiff was warned to keep his arm inside the car, or that there was any circumstance or anything in the condition of the street which should have caused plaintiff to have anticipated danger. The court charged the jury that if plaintiff sat with his arm out of the window, and it thus came in contact with the upright and was broken, it would not defeat his right to recover unless they found that such conduct was negligent. *Held,* no error; that the question was, under the circumstances, one of fact for the jury.

*It seems* there is a distinction in this respect between street and other
railroads.

Also, *held,* that a defendant having a right to a limited use of the street
was required to so exercise its right as not to unnecessarily endanger
travelers; and that the question as to whether it had failed in this respect
was properly submitted to the jury.

Reported below, 13 Daly, 510.

(Argued April 15, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
entered upon an order made June 7, 1886, which affirmed a
judgment in favor of plaintiff, entered upon a verdict and
affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal
injuries alleged to have been caused by defendant's negligence.

A few days before June 15, 1883, the defendant lawfully
opened a trench parallel with and about twenty inches south
of the south rail of the south track of the Sixth Avenue
Street Railroad Company in Vesey street.   This trench was
three or four feet deep, six feet wide and its sides were
sheathed with plank to prevent the earth from caving in.
The defendant laid one or two plank across this trench, which
formed the floor of what is called, in this litigation, a bridge.
Uprights set at the angles formed by the floor of the bridge
and the trench were nailed to the edge of the floor and a
board was nailed to the uprights standing on each side of the
bridge, called side-boards or hand rails, and were to prevent
persons crossing the bridge from stepping or falling from it
into the trench.   The length of these uprights is not disclosed,
but it does appear that the upper end of the two which stood on
the north side of the trench were higher than the sills of the
windows of the street cars.   The north edges of these uprights
were about twenty inches from the south rail of the south
track of the Sixth avenue road, but were only from three to
four inches from the sides of the passing cars.

About half-past eight in the morning of June 15, 1883, the
plaintiff was sitting on the right or south side of a Sixth

avenue car which was going east in Vesey street, and as the car passed the so-called bridge his right arm came in contact with one of the uprights and, was broken midway between the elbow and the shoulder.    This action was brought to recover damages for this injury.    The plaintiff asserted that the bridge was so insecurely built that one of the uprights fell upon and broke his arm.    The defendant denied this and asserted that the injury was caused by plaintiff's arm extending so far through the window that it came in contact with the upright.    The plaintiff testified that he sat by the car window engaged in reading a newspaper, with his arm lying against the window blind and wholly inside of the car.    Two witnesses, sworn in behalf of the plaintiff, did not observe that his arm was out of the window. The conductor and driver of the car testified that the plaintiff's arm was out of the window, but how far they did not attempt to say.

The court charged that if the jury found that if the plaintiff sat with his arm out of the open window, and it was so brought in contact with the upright and broken, it would not defeat his right to recover unless they further found that such conduct was negligent.    To this the defendant excepted and requested the court to charge that if the plaintiff's arm extended through the open window so that it came in contact with the upright and was thereby broken, he was guilty of contributory negligence and could not recover, which was refused and an exception taken.    The jury found a verdict for the plaintiff and assessed his damages at $500.

*James W. Hawes* for appellant.    Even if the plank fell into the car, that fact alone proves no negligence on defendant's part.    (Shearman & Redfield on Negligence, § 12.)    The burden of proof of negligence is on plaintiff.    (*Desmond* v. *Rose,* 46 N. Y. Super. Ct., 569; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 N. Y. 330; *Manzoni* v. *Douglas,* 29 Week. Rep. 425; *Hart* v. *H. R. Bridge Co.,* 84 id. 56; *Riceman* v. *Havemeyer,* Id. 647; *Holbrook* v. *U. & S. R. R. Co.,* 12 id. 236; *Hayes* v. *Forty-second St., etc., R. R. Co.,* 97 id. 259.)

Plaintiff cannot recover on facts as consistent with care and prudence as the opposite. ( *Wilson* v. *N. Y. C. & H. R. R. R. Co.*, 97 N. Y. 87 ; *Crafts* v. *Boston*, 109 Mass. 519 , *Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 N. Y. 198, 203 ; *Burke* v. *Witherbee*, Id. 562, 565 ; *P. P. R. Co.* v. *Lauterbach*, 41 Leg. In. 401 ; *P. & C. R. R. Co.* v. *McClurg*, 56 Penn. St. 294, 296.) The court should have charged, as a matter of law, that if the plaintiff had his arm out of the window he could not, under the circumstances of this case, recover. (Beach on Contributory Negligence, 158–171, §§ 54–56 ; *P. & C. R. R. Co.* v. *McClurg*, 56 Penn. St. 294, 296 ; *Todd* v. *O. C. & F. R. R.. Co.*, 85 Mass. 18 ; *I. & C. R. R. Co.* v. *Rutherford*, 29 Ind. 82 ; *L. & N. R. R. Co.*, v. *Sickings*, 5 Bush, 1 ; *P. & C. R. R. Co.* v. *Andrews*, 39 Md. 329 ; *Dun* v. *S. & R. R. Co.*, 78 Va. 645 ; Redfield's Am. Ry. Cases, 552, note ; Patterson's Railway Accident Law, 284, § 273 ; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236, 244 ; *Hallahan* v. *N. Y., L. E. & W. R. R. Co.*, 102 id. 194 ; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 id. 297 ; *Dale* v. *D., L. & W. R. R. Co.*, 73 id. 468 ; *Willis* v. *L. I. R. R. Co.*, 34 id. 670 ; *Buel* v. *N. Y. C. R. R. Co.*, 31 id. 314 ; *Edgeton* v. *N. Y. & H. R. R. Co.*, 39 id. 227 ; *Eaton* v. *D., L. & W. R. R. Co.*, 57 id. 382 ; *L. V. R. R. Co.* v. *Greiner*, 113 Penn. St. 600 ; *C. & A. R. R. Co.* v. *Hoosey*, 99 id. 492 ; *S. L. & S. F. R. R. Co.* v. *Marker*, 41 Ark. 542 ; *P. P. R. R. Co.* v. *Lauterbach*, 41 Leg. In. 401 ; *G. P. R. Co.* v. *Brophy*, 105 Penn. St. 38 ; *Miller* v. *S. L. R. R. Co.*, 5 Mo. App. 471 ; *Dahlberg* v. *M. S. R. R. Co.*, 32 Minn. 404 ; *Summers* v. *C. C. R. R. Co.*, 34 La. An. 139.) The New York cases relative to riding on the platform turn on the implied permission of the company and the fullness of the car, and carry the implication that, unexplained, it is negligence to ride on the platform. (*Spooner* v. *B. C. R. R. Co.*, 54 N. Y. 230 ; *Ginna* v. *S. A. R. R. Co.*, 67 id. 596 ; *Nolan* v. *B. C. & N. R. R. Co.*, 87 id. 63 ; *Clark* v. *E. A. R. R. Co.*, 36 id. 135 ; *Wills* v. *L. & B. R. R. Co.*, 129 Mass. 351 ; *Downey* v. *Hendrie*, 46 Mich. 498 ; *Ashbrook* v. *F. A. R. Co.*, 18 Mo.

App. 290; *Chave* v. *N. Y. & H. R. R. Co.*, 15 N. Y. S. R. 966.)

*Julius H. Seymour* for respondent. The question of contributory negligence was for the jury. (*Parker* v. *Jarvis*, 1 T. App. 88; *Godfrey* v. *Johnston*, 1 Keyes, 566; *Finch* v. *Parks*, 49 N. Y. 1; *Monell* v. *Peck*, 88 id. 398; *Easterly* v. *Cole*, 3 id. 502.) A passenger is to be allowed a reasonable measure of liberty, and whether he has exceeded his right is a question of fact. Whether the act of standing on the platform is negligence, or getting off the car whilst it is in motion is negligence, is a question for the jury. (Whart on Neg. 365, 370; *Musel* v. *R. R. Co.*, 8 Allen, 234; *Eppendorf* v. *B., C. & N. R. R. Co.*, 69 N. Y. 195; S. & R. on Neg. § 282.) It is not negligence *per se* for a passenger to rest his arm on a window sill which is substantially the top of the back of the seat. (*Brophy* v. *G. R. R. Co.*, Penn. S. C. [1884], 14 W. N., case 213; 29 Alb. L. Jour. 222; Whart on Neg. § 362; Hutch. on Car. § 659; Thomp. on Car. § 258; Aug. on Car. [5th ed.] 514, note; *Segel* v. *Eisen*, 41 Cal. 109; *Miller* v. *St. Louis R. Co.*, 5 Mo. App. 471; *Spencer* v. *R. R. Co.*, 17 Wis. 487.) Whether the position of the passenger is a proper and prudent one is not necessarily a question of law. (*Lyman* v. *Union R. R. Co.*, 114 Mass. 83, 88; *Dahlburg* v. *M. R. R. Co.*, 31 Alb. L. Jour. 335.) Resting the arm on the window sill, in consequence of which, by a sudden jolt in the car, it is thrown out and broken, is not negligence in law. (*Brophy* v. *G. P. R. Co.*, 14 W. N. 213; 29 Alb. L. Jour. 222.)

FOLLETT, Ch. J. The court did not err in refusing to dismiss the complaint or in refusing to direct a verdict for the defendant.

Whether the upright fell upon the plaintiff's arm, and whether its fall was caused by the defendant's negligence, and whether the plaintiff's arm was inside or outside of the car were questions for the jury, and if found in the plaintiff's favor, he was entitled to a verdict.

The principal question discussed on this appeal is whether

the court erred in instructing the jury that if they found that the plaintiff's arm was out of the window when injured, it was a question of fact for them to determine, whether, under the circumstances of this case, he was guilty of contributory negligence.

When passengers upon railroads operated by steam have received injuries to their arms by reason of their protrusion from open windows, and have sought to recover damages against their carriers, it has been held in some of the reported cases that such protrusion is, as matter of law, contributory negligence; while in others it has been held that whether it is negligence is a question of fact. This question does not seem to have been determined by any of the appellate courts in this state, unless it can be said to have been passed upon in *Holbrook* v. *Utica & Schenectady Railroad Company* (16 Barb. 113; 12 N. Y. 244). Whether the arm of the plaintiff in the case cited rested on the sill of the car window or projected through the window was a disputed question. The court charged: " That the company only contracted to carry her safely when she kept within the cars; that it was for the jury to say whether her elbow was out of the cars at the time of the injury, and if it was, it was a circumstance or fact from which they might infer negligence or want of ordinary care on her part. The judge was then requested by the defendant's counsel to charge, as matter of law, that if they found that the plaintiff's arm or elbow was outside of the window of the car when the injury was received, it was an act of negligence and she could not recover; but the judge refused to charge on that subject other than he had charged, to which refusal the defendant excepted." Judge RUGGLES, speaking for the court, said: " In this refusal to charge as requested I was at first inclined to think there was error. But my brethren are unanimously of opinion that the judge had already charged the jury substantially in conformity with the request, and that he was right, therefore, in declining to repeat what he had before stated. I yield to their judgment on this point, and

concur in affirming the judgment." It is apparent that the jury had not been charged substantially in conformity with the request, but they had been instructed that it was a question for them to determine whether the plaintiff's elbow was inside or outside the window; and if it was outside it was a circumstance or fact from which they might infer negligence or want of ordinary care on the plaintiff's part. The jury found a verdict for the plaintiff, upon which a judgment was entered, which was affirmed by the General Term and by the Court of Appeals. The judgment in this case is to the effect that whether the plaintiff was negligent in riding with her arm out of the window was not a question of law, but of fact.

In *Dale* v. *Delaware, Lackawanna and Western Railroad Company* (73 N. Y. 468) the court charged that if the plaintiff negligently, whether consciously or unconsciously, put his arm outside of the window, and thus contributed to the injury, he could not recover; but if his arm, while resting on the sill, was thrown out by a sudden lurch of the car, that fact would not defeat his right to recover. The plaintiff had a verdict, on which a judgment was entered, which was affirmed at General Term, but was reversed by the Court of Appeals for an error in the admission of evidence, the validity of the instruction not being considered. In *Hallahan* v. *N. Y., L. E. & W. R. R. Co.* (102 N. Y. 194), and in *Breen* v. *N. Y. C. & H. R. R. R. Co.* (109 id. 297), the records show that the jury in each case was instructed that if they found that the plaintiff was riding with his arm protruding from the open window, it was contributory negligence, and no recovery could be had. The plaintiff recovered a verdict in each case, and the validity of the instructions was not, and could not be reviewed.

The courts of Massachusetts and Pennsylvania have held that it is negligent, as matter of law, for a railway passenger to ride with his arm extending through the window, and that no recovery can be had for an injury received by reason of the arm being in this position. (*Todd* v. *Old Colony & Falls River R. R. Co.*, 3 Allen, 18; 7 id. 207; *Pittsburgh & Connellsville R. R. Co.* v. *McClurg*, 56 Penn. St.

294.) In other states it has been held that whether such con-
duct is contributory negligence is a question of fact. (See
cases cited in Beach on Contrib. Neg. § 56 ; 2 Shear. & Red.
on Neg. [4th ed.] § 519 ; 2 Wood's R. Law, 1103, § 303 ;
Bishop's Non-contract Law, §§ 1106, 1107.)

In *Dahlberg* v. *Minnesota Street Railroad Company* (32
Minn. 404) and in *Summers* v. *Crescent City Railroad Com-
pany* (34 La. An. 139) it was held that whether a passenger
upon a street car was negligent in riding with his arm out of
the window was a question of fact. We are satisfied that a
general rule, applicable to all cases, cannot be laid down, and
that whether the question is one of law or fact must be
determined by the circumstances of each case. Street rail-
roads are operated under circumstances widely different;
some in the crowded thoroughfares of large cities ; others in
streets little used in suburban districts and in villages. Con-
duct which would be declared negligent, as a matter of law
in one case, might not be so in another. This conclusion
brings us to the consideration of the question as to
whether the evidence in the case at bar was such as to
require the court to rule, as a matter of law, that if the
plaintiff's arm was partly out of the window when injured,
he negligently contributed to the accident, and could not
recover. The accident occurred in the summer, when the
windows of street cars are usually open, as the windows of
this car were on this occasion. There were but nine or ten
passengers in the car. The plaintiff sat in a seat, with his
right arm lying on the window sill, wholly within the car, he
testified, but partly without, as the conductor and driver tes-
tified ; but they do not attempt to say how far his arm extended
beyond the outside of the car. The evidence does not dis-
close that there was anything in the condition of the street,
or that there was any circumstance which should have caused
the plaintiff to have anticipated danger. Two of the defend-
ant's witnesses, the conductor and the driver of this car, gave
the plaintiff no warning ; and the conductor testified that,
though he saw that plaintiff's arm was out of the window, he

did not know that he was in danger.   This is not an action by a passenger against his carrier, between whom contractual relations exist and out of which reciprocal duties arise; but it is an action against a defendant having a right to a limited use of the street, and required to exercise its right so as not to unnecessarily endanger travelers.   We are of opinion that the evidence contained in the record would not have justified the court in charging, as a matter of law, that if the plaintiff's arm projected through the window, and beyond the outer edge of the car, he could not recover.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.