EDWIN L. FARIS, Respondent, *v.* BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY, Appellant, Impleaded with OTTO GOETZ.

*Negligence — injury to a passenger on the side step of an open car by collision with a truck — contributory negligence.*

Where, before a passenger entering an open car can pass entirely from the side step into one of the aisles, the car moves on and the passenger is brought into contact with a truck on the street and injured, and the car conductor admits that he knew the truck was dangerously close and that there was a man on the step, but says that he did not ring the bell to stop the car because the man had plenty of time to get inside, a question is presented for the jury as to whether the railroad company was negligent.

Contributory negligence on the part of the passenger so injured is not established as matter of law by the fact that he saw the truck and gave warning of the danger to a friend on the step further forward, who got into the car in time to avoid injury.

APPEAL by the defendant, the Brooklyn City and Newtown Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of February, 1899, upon the verdict of a jury for $1,000; and also from an order entered in said clerk's office on the 27th day of September, 1899, denying the defendant's motion for a new trial made upon the minutes.

*Jesse Johnson,* for the appellant.

*Charles J. Patterson,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff was injured while a passenger on the defendant's railroad. He had just boarded an open car, which had stopped at the time, but which moved on immediately, so that before he could get completely off the side step and into one of the cross aisles his foot was brought into contact with a truck on the street, inflicting a severe bruise and other injuries, for which it is conceded that the verdict of $1,000 is not an excessive recovery. The plaintiff saw the truck and gave warning of the danger to a friend who was on the step further forward, and who got into the car in time to avoid injury. It is argued that, under these circumstances, the plaintiff was at fault for not himself getting off the side step as quickly as did his companion. It appears, however, that as soon as the plaintiff realized his peril he attempted to enter the aisle nearest him, and had almost succeeded in doing so when he was struck. He cannot be deemed chargeable on this account with contributory negligence as matter of law. There is also sufficient proof to charge the defendant railroad with negligence. The conductor admits that he knew the truck was dangerously close and that there was a man on the step, but says he did not ring the bell to stop because the man had plenty of time to get inside. In view of the proximity of the truck and the motion of the car, this was certainly some evidence of lack of due care. In stating these facts, we have resolved all disputed matters in favor of the plaintiff, as the jury were authorized to do, and thus viewed, the verdict is sufficiently supported by the proof. A careful perusal of the record has failed to convince us that the verdict is against the weight of evidence. Indeed, the case is one of a large class involving familiar questions of law and fact, in which we should hardly deem it necessary to give our reasons for affirmance were it not for the extreme earnestness with which the case was argued in behalf of the appellant.

Judgment and order unanimously affirmed, with costs.