### FARIS v. BROOKLYN CITY & N. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. STREET RAILROADS—PASSENGERS—PERSONAL INJURIES—CONTRIBUTORY NEG-
LIGENCE.

A passenger on a side step of an open street car, who was injured by contact with a passing truck on the street, was not guilty of contributory negligence, as a matter of law, where he attempted to enter the nearest cross aisle in the car as soon as he realized his peril, although he did not get off the step as quickly as his companion in front, whom he warned of the danger.

2. SAME—EVIDENCE—SUFFICIENCY.

Where there was evidence that the conductor of an open street car did not stop it although he knew a passing truck on the street was danger-ously close, and that the plaintiff, a passenger, was on the side step of the car, a finding that plaintiff's injuries by collision with the truck were caused by defendant's negligence was sustained.

Appeal from trial term, Kings county.

Action by Edwin L. Faris against the Brooklyn City & Newtown Railroad Company and another. From a judgment upon a verdict in favor of plaintiff and an order denying a new trial, the defendant railroad company appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Jesse Johnson, for appellant.
Charles J. Patterson, for respondent.

WILLARD BARTLETT, J. The plaintiff was injured while a pas-senger on the defendant's railroad. He had just boarded an open car, which had stopped at the time, but which moved on imme-diately, so that, before he could get completely off the side step and into one of the cross aisles, his foot was brought into contact with a truck on the street, inflicting a severe bruise and other injuries, for which it is conceded that the verdict of $1,000 is not an excessive recovery. The plaintiff saw the truck, and gave warning of the danger to a friend, who was on the step further forward, and who

got into the car in time to avoid injury. It is argued that under these circumstances the plaintiff was at fault for not himself getting off the side step as quickly as did his companion. It appears, however, that, as soon as the plaintiff realized his peril, he attempted to enter the aisle nearest him, and had almost succeeded in doing so when he was struck. He cannot be deemed chargeable, on this account, with contributory negligence as matter of law. There is also sufficient proof to charge the defendant railroad with negligence. The conductor admits that he knew the truck was dangerously close, and that there was a man on the step, but says he did not ring the bell to stop because the man had plenty of time to get inside. In view of the proximity of the truck and the motion of the car, this was certainly some evidence of lack of due care. In stating these facts we have resolved all disputed matters in favor of the plaintiff, as the jury were authorized to do; and, thus viewed, the verdict is sufficiently supported by the proof. A careful perusal of the record has failed to convince us that the verdict is against the weight of evidence. Indeed, the case is one of a large class involving familiar questions of law and fact, in which we should hardly deem it necessary to give our reasons for affirmance were it not for the extreme earnestness with which the case was argued in behalf of the appellant.

Judgment and order affirmed, with costs. All concur.