JOHN F. LA BARGE, as Administrator of the Estate of AUGUST LA BARGE, Deceased, Appellee, v. THE UNION ELECTRIC COMPANY, Appellant.

**Street railways:** NEGLIGENT CONSTRUCTION OF TRACKS: EVIDENCE.
1 The laying of parallel street railway tracks in such close proximity that the space between open cars operated thereon is very narrow, is sufficient evidence of negligence to support a verdict for the death of a passenger injured by a passing car, while riding upon a crowded open car, and in the exercise of reasonable care.

**Contributory negligence of passenger:** EVIDENCE. The care of
2 passengers upon street railway cars must be proportionate to the dangers to which they are exposed; and one riding upon an open crowded car is not, as a matter of law, negligent in exposing his body slightly at the side of the car because of its crowded condition. Evidence held to require the submission of plaintiff's negligence in this respect.

*Appeal from Dubuque District Court.*— HON. M. C. MATTHEWS, Judge.

WEDNESDAY, JUNE 10, 1908.

ACTION at law to recover damages for the death of plaintiff's intestate, alleged to have been killed by reason of the negligence of the defendant. Judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Hurd, Lenehan & Kiesel* and *Matthews & Frantzen,* for appellant.

*T. J. Fitzpatrick* and *M. J. Wade,* for appellee.

WEAVER, J.— The appellant owns and operates a double track electric street railway, at the place where the accident occurred, in the city of Dubuque, Iowa. On July 13, 1902, August La Barge was a passenger on an open or summer car moving north along the east track on Couler avenue. The car seats extended transversely, leaving no aisle or passageway down the middle, the passengers entering the space between the seats directly from the footboard extending along the side of the car. The sides of the car were not inclosed, except by upright posts erected at the ends of the seats. On the outside of these posts there were attached perpendicular handholds or bars for the convenience of passengers in boarding or alighting from the car. While moving northward, a hinged or movable rail or guard was let down on the left side of the car, requiring passengers to enter and depart from the east footboard, and thus avoid danger of collision with cars moving south on the west track. This rail or guard when in place was a little less than three feet above the car floor, and with the posts above described constituted the only barrier or inclosure on that side. The deceased entered the car from the east side, and sat down at the west end of one of the seats. Shortly afterward, the car being full to crowding, deceased arose, and, giving his seat to a lady, stood up

in the narrow space in front of the place where he had been sitting. Standing there with his back to the west, he appeared to be supporting or steadying himself against the guard rail and post, talking with some of his fellow passengers. In the course of the conversation something of an amusing nature was said or done, and deceased in the act of laughing threw his head back so that it extended a few inches beyond the outside of the post near which he was standing. At the instant of this movement on his part he was struck upon the head by the post or handrail of another car moving rapidly southward on the west track, and fatally injured. The plaintiff charges the defendant with negligence in constructing its two tracks so close together that the cars moving thereon in an opposite direction would be separated by a space of a very few inches, thereby exposing passengers to great danger of injury, especially when the cars were being operated at high speed. Other allegations of negligence were made, but not submitted to the jury by the trial court, and we need not here set them out. The jury returned a verdict for plaintiff, assessing damages in the sum of $3,000.

The appellant in argument rests its demand for a reversal on the single proposition that, upon the admitted and undisputed facts, the plaintiff was not entitled to recover, and the jury should have been so instructed. As this position taken by the appellant requires us to assume the truth of all matters which the plaintiff's evidence fairly tended to establish, we may say that, in addition to the facts hereinbefore stated, it was shown that the two tracks of the appellant's road at the place of the accident are in such proximity that, with two cars standing thereon at rest, the distance between them would be about eleven inches. The tracks were somewhat uneven, the rails being depressed at the joints, and while this fact was not submitted to the jury as a ground of negligence, we think it is still a proper matter to be considered, as bearing upon the question whether the tracks were too close together to be operated with safety. It is a matter

of common observation that car bodies, owing to their weight, size, and manner of construction, have some tendency to rock and sway upon their trucks while in rapid motion, and that such tendency becomes more marked upon tracks which are rough or uneven. The testimony of the several witnesses of the accident is to the effect that at the time the deceased was struck his head was thrown back not to exceed a distance of three to six inches from the outer edge of the post by which he stood, and if this be true, it would seem to indicate that in passing the two cars so swayed or rocked inward that the space between them was reduced to a very narrow margin.

That it is evidence of negligence to construct parallel tracks so close together for the operation thereon of open cars packed to their capacity with passengers ought to need no

1. STREET RAIL-WAYS: negligent construction of tracks: evidence.

argument. To the passenger standing or sitting at the end of the seat in a crowded car the open side is a constant invitation to lean in that direction for breathing room, and for relief from the pressure to which he is subjected; and for the court to say that the railroad company owes no duty to guard the safety of a passenger who happens to reach his hand a few inches beyond the frame of the car, or of one who, while standing because of the crowded condition of the vehicle, voluntarily or involuntarily, permits any portion of his person to be exposed slightly beyond the post, would be to ignore the fundamental rule of the law of carriers, which requires active, vigilant, and constant care for the safety of those whom they undertake to transport over their lines. Living people cannot be packed into cars like bales of merchandise. Life presupposes action, movement, and some reasonable degree of freedom of action, and those who cater to the public by furnishing means of carriage from place to place for hire must provide facilities and protection with these self-evident facts in view. Whether the lines of a double track street railway are separated by a safe distance de-

pends, in some degree, on the manner in which the cars are to be operated thereon. If intended for rapid transit, the tendency of the cars to sway or lurch from side to side, thereby reducing the distance separating them in passing, is a factor which cannot be safely overlooked, and failure to guard against such danger by increasing the space between the tracks, or employing other suitable devices to shield the passengers therefrom, is culpable negligence.

But counsel insist with much earnestness that, in any event, the deceased was chargeable with contributory negligence as a matter of law. We think otherwise. There was no negligence in yielding his seat to another passenger. The company having filled the seats with other passengers, he was not negligent in standing up. There being no aisle in the center of the car, the only place to stand was at the outer end of the space in front of the seat or upon the footboard along the outside of the car. To uphold the appellant's contention is to say that the voluntary or involuntary act of the deceased in throwing his head backward in laughter slightly beyond the post against which he was standing was negligence as a matter of law, and that in so doing he did not act as a reasonably prudent man might fairly have been expected to act under the circumstances. In our judgment his conduct was not so glaringly imprudent that the jury might not fairly and reasonably acquit him of culpable negligence. No well-considered authority called to our attention supports the appellant's view in this respect, or holds the passenger to such extraordinary circumspection of conduct in order to claim protection at the hands of the carrier. It is a common and not necessarily an improper thing for street railway companies to load their cars, not only to the limit of seating capacity, but to fill the standing room inside and the footboards outside. This is often unavoidable, but the movement of cars and the handling of traffic must be so controlled and guarded as not to expose persons thus

*2. Contributory negligence of passenger: evidence.*

being carried to unnecessary or unreasonable danger. In other words, if the carrier exercises the right to carry passengers in this manner, care for their safety must be proportionate to the dangers to which they are exposed. *Treat v. Railway Co.*, 131 Mass. 371; *Griffith v. Railroad Co.*, 63 Hun, 626 (17 N. Y. Supp 692); *Clark v. Railroad Co.*, 36 N. Y. 135 (93 Am. Dec. 495); *Geitz v. Railroad*, 72 Wis. 310 (39 N. W. 866); *Lehr v. Railroad*, 118 N. Y. 556 (23 N. E. 889); *Meesel v. Railroad*, 8 Allen (Mass.), 234.

A passenger, sitting by a car window, resting his arm on the sill, his elbow projecting a few inches beyond the side of the car, was struck and injured by another car moving on the adjoining track. Held that the question of his contributory negligence was for the jury. *Summers v. R. R. Co.*, 34 La. Ann. 139 (44 Am. Rep. 419). And it has often been held that the slight exposure of a passenger's hand, arm, or head outside of a car window or doorway is not necessarily an act of negligence. *Salmon v. Railroad*, 124 Ga. 1056 (53 S. E. 575); *Railroad v. Brophy*, 105 Pa. 38; *Dahlberg v. Railroad*, 32 Minn. 404 (21 N. W. 545, 50 Am. Rep. 585); *Railway Co. v. McCleave*, 18 Ky. Law, 1036 (38 S. W. 1055); *Francis v. N. Y. S. Co.*, 114 N. Y. 380 (21 N. E. 988).

The contrary rule would be manifestly unreasonable and unjust. We think it unnecessary to go into a more extended review of the authorities cited by counsel. The conclusion we have announced is in harmony with the general principles of the law governing carriers of passengers as the same has, from time to time, been applied by this court.

It is sufficient to say that in our judgment there was sufficient evidence to justify the trial court in refusing to direct a verdict in defendant's favor, and as this is the only question argued by counsel, the judgment appealed from must be and it is *affirmed*.