[No. 10692. Department One. December 27, 1912.]

GEORGE SOUTHARD, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

CARRIERS—STREET CARS—NEGLIGENT OPERATION. The negligence of a motorman in attempting to pass an auto truck so dangerously near the track that a passenger in an open compartment was struck by the corner of the truck, is for the jury; especially in view of the degree of care owed to passengers.

Appeal from a judgment of the superior court for King county, Myers, J., entered February 8, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger on a street car. Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*Vince H. Faben*, for respondent.

PARKER, J.—This is an action to recover damages for personal injuries which the plaintiff alleges he received while he was a passenger on one of the defendant's street cars in Seattle, as the result of the negligent operation of the car. Verdict and judgment were rendered in favor of the plaintiff, from which the defendant has appealed.

The contentions of appellant are, in substance, that no actionable negligence on its part was shown by the evidence, and that the trial court erred in denying its motion for judgment notwithstanding the verdict. Appellant's car, upon which respondent was a passenger, had three compartments, an enclosed one in the middle of the car and an open one at

[1]Reported in 128 Pac. 1063.

each end.   Respondent was seated in the forward open com-
partment on a seat running lengthwise of the car, facing out
and near the right-hand side of the car.   His feet and knees
came near, or possibly slightly over, the edge of the floor of
the car.   He was a city salesman for a Seattle manufacturing
concern, and his attention was upon his order book which he
was examining when, not knowing of any impending danger,
he was struck on the inside of his right leg a little below the
knee by some part of the left rear corner of an auto truck,
which was going in the same direction as the car and very
close to it, the rear end of the truck being slightly nearer to
the car than the front end.   The car was going faster than
the truck, and had overtaken it at the time.   It is insisted by
respondent that the gripman negligently attempted to pass
the truck while it was dangerously near the track, while ap-
pellant insists that the undisputed evidence shows that the
truck was not dangerously near the track, but was far enough
away to enable the car to pass with safety to the passengers,
had not a large curtain hanging on the side of the truck,
which had a heavy stick running along its lower edge, blown
out from the truck just at that moment, causing the end of
the stick to strike respondent's leg.

We hardly think the evidence is conclusive in showing that
appellant was struck by the end of the stick upon the curtain;
but even if that be the correct explanation of the accident, we
think, in view of all the circumstances, especially the nearness
of the corner of the truck to the car, the question of the
gripman's attempt to pass the truck being negligence was one
for the jury.   This view finds support in:   *Georgetown & T.
R. Co. v. Smith*, 25 App. D. C. 259, 5 L. R. A. (N. S.) 274;
*La Barge v. Union Electric Co.*, 138 Iowa 691, 116 N. W.
816, 19 L. R. A. (N. S.) 213; *Faris v. Brooklyn City & N.
R. Co.*, 46 App. Div. 231, 61 N. Y. Supp. 670; *Koch v. St.
Paul City R. Co.*, 45 Minn. 407, 48 N. W. 191.   The fact that
respondent was a passenger upon a car of appellant, a
common carrier of passengers charged with the highest degree

of care and prudence in protecting him from injury, lends additional support to our conclusion that appellant's negligence under the circumstances here shown was a question for the jury. *Brown v. Seattle City R. Co.*, 16 Wash. 465, 47 Pac. 890.

It follows that the judgment must be affirmed. It is so ordered.

MOUNT, C. J., CROW, GOSE, and CHADWICK, JJ., concur.