FRED R. GRAY, Respondent, *v.* THE ROCHESTER CITY
AND BRIGHTON RAILROAD COMPANY, Appellant.

*Negligence — injury to a passenger standing on the outside step of a street railroad car — defects in the tracks.*

A passenger was riding upon an open street car, standing about midway of its length upon a continuous step which ran along the outside of the car, which was already crowded when he got upon it. While riding in this manner he was struck by a car proceeding in an opposite direction upon the other track.

It appeared upon the trial of an action, brought to recover the damages resulting from the accident, that at the place of the accident the two tracks were nearer to each other than at other places on the route, and, further, that by the sinking of a rail at this point the car, upon which the passenger was, pitched towards the other track.

*Held,* that a verdict for the passenger would not be disturbed.

That the railroad company owed the passenger the duty of keeping its tracks in good order, and was liable in damages for injuries caused by its failure in this regard, where the passenger had no knowledge of the danger.

Appeal by the defendant, the Rochester City and Brighton Railroad Company, from a judgment, entered in the office of the clerk of Monroe county on the 20th day of February, 1891, in favor of the plaintiff, after a trial at the Monroe Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $400; and also from an order, dated the 27th day of February, 1891, denying the defendant's motion for a new trial.

*Theodore Bacon,* for the appellant.

*C. Van Voorhis,* for the respondent.

Macomber, J. :

The plaintiff while riding upon one of the defendant's open cars, known as an excursion car, was struck by another car passing in the opposite direction upon an adjacent track. At the time of this accident, which was in the middle of the afternoon of June 13, 1889, the plaintiff, with many others who crowded the car, was on his way to attend a base ball game in the eastern part of the city of Rochester. He boarded the car opposite his store on Main street, near Cortland street, where the same stopped for passengers. The seats of this car ran cross-wise. The car was crowded

at the time the plaintiff undertook to get on board. At each end of the car was a platform, and these platforms were also filled with standing passengers. A continuous step or rail ran the whole length of the car on either side, half-way between the platform of the car and the ground. There were six posts on each side supporting the roof of the car. The plaintiff was riding upon the north rail or step of the car, being upon the side towards the other street car track, with one foot upon the rail and the other upon the floor of the car, hanging by his hands to the upright bar or post about midway of the car. After passing East avenue on Main street, and while opposite what is known as the Sibley Block, a one horse car of the defendant was met and was passed without accident, the plaintiff's attention having been called to it either voluntarily or through a notice of some one else. Close behind the one horse car was a larger car drawn by two horses, to which the plaintiff's attention had not been called, and which he did not see and was unaware of its approach. Nor did any of the other passengers similarly situated see the approach of this large car. The last-named car on the north track came in contact with the plaintiff and others, and for the injuries there received by the plaintiff this action is brought.

Evidence was given in behalf of the plaintiff to the effect that, at the place where this collision happened the two tracks of the defendant's road were nearer to each other than at other places along the route, and also, that by the sinking of the south rail of the north track the cars at the point named pitched toward each other, rendering the position of the persons riding upon the step more dangerous than elsewhere upon the railroad. There is no evidence to show that the plaintiff or any of the passengers standing upon that rail knew the fact of this specially dangerous condition of the tracks. We are bound to assume upon this appeal, as it seems to us, that the verdict of the jury was, as it well might have been, placed solely upon this ground.

We are not able to say from the evidence, that had these tracks been placed at the same distance as elsewhere upon the route, and both had been in a safe condition, the plaintiff would have come in contact with the car running upon the north track.

The defendant owed a duty to its passengers to keep its tracks

in good order; and a failure to do so rendered it liable for the injuries to the plaintiff which were inflicted without fault on his part. This serious omission of duty in respect to the tracks of the railroad pointed out above, and upon which our judgment may safely rest, takes the appeal out of the operation of the cases of *Coleman* v. *Second Avenue Railroad Company* (114 N. Y., 609), and *Craighead* v. *B. C. R. R. Company* (123 N. Y., 391), greatly relied upon by the learned counsel for the appellant.

It follows that the judgment and order appealed from should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment and order appealed from affirmed.