## HERDT v. ROCHESTER CITY & B. R. Co.

*(Supreme Court, General Term, Fifth Department.   October 21, 1892.)*

1. STREET RAILWAYS—INJURY TO PASSENGERS—EVIDENCE.

In an action against a street railway company for personal injuries, it appeared that plaintiff, while riding on the side step of a crowded car, was struck and injured by another car going in the opposite direction on the adjoining track. At the place of the accident the tracks were nearer together than at any other point on the line, and the inner rails were depressed, which caused the cars to pitch together, making the position of one on the step dangerous. There was no evidence that plaintiff knew or was chargeable with notice of the condition of affairs which caused the accident. *Held*, that a judgment for plaintiff was warranted. *Gray* v. *Railroad Co.*, (Sup.) 15 N. Y. Supp. 927, followed.

2. SAME.

Plaintiff was asked on examination whether he was aware that there was any danger in riding on the step, and replied that he was not, and had observed other people riding in that position at various times. *Held*, that the objection that the testimony left the impression that plaintiff would be exonerated from blame if he did not appreciate the danger of riding on the step of a street car is not well taken, since the testimony evidently referred to the risk caused by the condition of the tracks in this particular case, and not to the ordinary hazards pertaining to a position on a car step.

Appeal from circuit court, Monroe county.

Action by Charles J. Herdt against the Rochester City & Brighton Railroad Company for personal injuries. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Charles J. Bissell,* for appellant.   *Eugene Van Voorhis,* for respondent.

MACOMBER, J.   This action, which was brought to recover for personal injuries received by the plaintiff in the collision of two horse cars operated by the defendant upon adjacent tracks on East Main street in the city of Rochester, by which several passengers on the east bound car were brushed off and hurt, resulted in a verdict for the plaintiff.   The evidence returned on this appeal is in all material respects the same as that in another case which has been before this court, growing out of the same accident.   Though this cause has been as elaborately argued as was the former one, we must adhere to our opinion heretofore expressed in the antecedent case of *Gray* v. *Railroad Co.*, (Sup.) 15 N. Y. Supp. 927.   It is therefore unnecessary to reassert or to elaborate the views heretofore expressed arising upon the principal question. An additional ground for the reversal of this judgment is urged by the learned counsel for the defendant for the reason that in this instance, even if not in the *Case of Gray,* the plaintiff was guilty of carelessness which contributed to the production of the injuries which he recived.   But we do not perceive that there is any substantial difference in the two cases in this regard, though, as is shown in this case, the plaintiff was further in front, upon the outside of the rail or step of the car, than was Gray.   But this circumstance does not, in any legal sense, charge the plaintiff with co-operative negligence.   He was proceeding to a ball game, and, though knowing that the car was well loaded, he hailed it for a ride, and thereupon it stopped, and took him aboard in what apparently was the only space left for a passenger.   It is not shown that either he or any other passenger, from any previous knowledge or notice, was chargeable with the special and particular duty of avoiding a collision with the approaching car from the east.   The plaintiff did not know of the existing fact that the inner rails of the two tracks were nearer to each other at this point than was safe for the passage of cars; nor did he know that they were depressed by reason of the sinking of the ground, so that the upper portions of the cars were tilted over towards each other at the point where he was injured. Yet these two things, both under the exclusive control of the defendant, pro-

duced the collision. Inasmuch, therefore, as the plaintiff appears to have occupied the space allotted to him in a reasonably prudent and careful manner, without any reason to apprehend this particular danger, we think the argument now addressed to us has really been disposed of in our previous decision in the *Gray Case.*

But there is an exception taken to the testimony of the plaintiff, upon which counsel relies to some extent for a reversal of the judgment. Though the same evidence was given in the *Case of Gray,* yet the exception thereto was not by us deemed of sufficient moment to animadvert upon; but, inasmuch as it has been reargued to us with much earnestness by counsel, we will state what seems to us to be a full though obvious answer to the position taken. The question and answer complained of were these: "*Question.* Were you aware that there was any danger in riding upon that step? * * * *Answer.* I was not. I had observed other people riding in that position at various other times." It is argued that this testimony left the case with the jury, not strictly upon their notion of the propriety of the defendant's conduct in the face of real and apparent danger, but rather that the plaintiff should be exonerated from blame if he did not see or appreciate the dangerous situation. It is manifest, however, that the witness intended to, and did actually, speak in this regard of the particular danger of which he had no knowledge or information until after the collision, namely, the closeness and depression of the two inside rails of the double tracks of the railroad. Undoubtedly he assumed, in riding upon the rail or step of the car, the ordinary hazards pertaining to such position, but not the risk caused by the gross negligence of the defendant in suffering its tracks to be so laid as thus to throw a passing car in collision with passengers riding on another car, going in the opposite direction on an adjacent track. We think the judgment and order appealed from should be affirmed. All concur.