(18 App. Div. 506.)

SIAS et al. v. ROCHESTER R. CO.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

1. DECISIONS OF GENERAL TERM—CONCLUSIVENESS ON APPELLATE DIVISION.
    The decision of the former general terms of the supreme court, though entitled to the utmost respect, are not binding upon the present appellate divisions of the supreme court, even in subsequent proceedings in the same case.

2. CARRIERS—NEGLIGENCE OF PASSENGER.
    When a passenger on a street car, who has had opportunity, in one or more previous trips over the line, to observe the fact that there are many trees, posts, and other objects close beside the track, leaves a place of perfect safety in the car, and, going to the platform, extends his head beyond the side of the car to look at a fire, he is guilty of such contributory negligence as to bar any recovery for injury or death resulting from his head striking a tree.
    Follett and Ward, JJ., dissenting.

Appeal from trial term, Jefferson county.

Action by Henry H. Sias and Ida B. Bunn, administrators of Charles H. McKee, deceased, against the Rochester Railroad Company. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for new trial, made on the minutes, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles J. Bissell, for appellant.
Daniel G. Griffin, for respondents.

ADAMS, J.  This action has been twice tried. Upon the first trial a nonsuit was directed at the close of the plaintiffs' evidence, and from the judgment entered thereon an appeal was taken to the general term of the late Fourth department, where the judgment was reversed, and a new trial ordered. Upon the second trial the case was submitted to the jury, and a verdict was rendered in favor of the plaintiffs. Judgment was thereupon entered, from which, as well as from an order denying the defendant's motion for a new trial upon the minutes, this appeal is brought.

Upon the former appeal an elaborate opinion was written by the learned presiding justice of this court, in which the facts of the case as they then appeared were carefully analyzed. The various authorities relied upon by counsel were most exhaustively and critically reviewed, and the conclusion was reached that no error was committed by the trial judge in granting the nonsuit. Sias v. Railroad Co., 92 Hun, 140, 36 N. Y. Supp. 378. It was decided, however, by a bare majority of the court, that the question of contributory negligence, to the discussion of which the opinion was principally confined, should have been submitted to the jury, and a new trial was therefore ordered. It seems to have been assumed by the learned counsel for the respondent that the deference which must be accorded to a decision of the general term necessarily requires an affirmance by this court of the judgment and order appealed from, whatever view we may entertain respecting the conclusion reached upon the former hearing. Such a decision is unquestionably entitled to the utmost respect, and, while not doubting our right so to do, we should ordinarily be quite slow to reverse the same, even though we might entertain serious doubt as to its correctness; but in this particular instance we feel at liberty to disregard the precedent which has been thus established, for the following reasons: (1) The former decision was not unanimous, but simply reflected the views of a bare majority of a divided court. (2) Under our present system of judicature it is designed that this court shall be the ultimate tribunal in cases of this character; and it would be doing violence to the plain intent of that system to render a pro forma decision merely for the purpose of advancing the case to another forum. (3) The facts, as they appeared upon the former trial, have been somewhat re-enforced by the additional evidence furnished by the defendant upon the second trial. And (4) we are fully persuaded that the views expressed in the. dissenting opinion of Hardin,

P. J., ought to prevail.    See, also, Jonas v. Railroad Co., 20 Misc. Rep.
176, 45 N. Y. Supp. 1142.

Thus having declared ourselves, it is perhaps unnecessary to say
anything further respecting the case, and yet we cannot refrain from
referring briefly to one feature thereof.    Assuming that there was
sufficient evidence of the defendant's negligence in permitting the tree
with which the deceased came in contact to remain standing in such
close proximity to the track upon which its cars were run to raise a
question of fact for the jury, we are nevertheless satisfied that it has
been demonstrated beyond all question that the accident would not
have happened, and the decedent would have suffered no injury, had
he not been utterly regardless of his own safety; for the undisputed
evidence in the case shows that he had been twice over this very por-
tion of the defendant's road on the day of the accident, on one of
which occasions he rode upon the platform or step of a car, where he
might have seen, if he had been at all mindful of his surroundings,
that there were innumerable trees, poles, and other obstructions stand-
ing between the inner rail and the street curb.    And yet, with this
fact thus brought to his notice, he leaves his seat in the car,
where a wire screen had been so adjusted as to render it absolutely
impossible for a person to come into contact with any of these objects,
and, in order to locate or witness a fire in that vicinity, to which some
person had called the attention of the passengers, steps out onto the
platform, extends his head beyond the side of the car, and is at once
hit by the tree, and thrown to the ground.    We have studied this
case with some care, as well as curiosity, to ascertain upon what
theory this conduct upon the part of the deceased can be reconciled
with the requirement of the law that a person must establish affirma-
tively his own freedom from negligence before he can visit the conse-
quences of a personal injury upon another; but we are compelled to
admit that thus far our efforts have produced very meager results in
the direction indicated.    Indeed, if we correctly apprehend the re-
spondent's position, it is not denied that the plaintiffs' intestate was
somewhat indifferent to his own personal safety; but it is said that,
notwithstanding this fact, the defendant is liable, because its con-
ductor, who was standing upon the platform of the car, did not warn
the deceased of the danger to be apprehended.    We cannot, however,
regard this position as tenable, in view of the conceded facts of the
case; for, as was said in the opinion to which we have already re-
ferred:

"There is no evidence in the case before us to indicate that after the intestate
had pushed his head beyond the line of the car any employé of the defendant
had an opportunity to withdraw his person from the attitude he had assumed
by thrusting a portion of his body beyond the line of the car." 92 Hun, 140,
36 N. Y. Supp. 378, supra.

As described by several persons who were in the car, the accident
was doubtless the work of an instant.    It was said by one of the
plaintiffs' witnesses that McKee, the decedent, "had just about time
to get up and go out on the platform, and step down there,—just
about time to walk out and be struck"; and this would seem to indi-
cate pretty clearly that little or no opportunity was afforded the con-

ductor to appreciate the situation, much less to take measures to relieve the decedent from the dangerous position in which he had placed himself. But, without dwelling longer upon the facts or the law of the case, it only remains to record formally what we have already indicated,—that, in our judgment, this case really presents no issue of fact, so far as the question of contributory negligence is concerned, and therefore it is one which ought to be withheld from the jury.

Judgment and order reversed, and a new trial granted, with costs to abide the event. All concur, except FOLLETT and WARD, JJ., who dissent.

FOLLETT, J. (dissenting). The evidence shows that the defendant operated an electric road, over which its cars were run at the rate of 15 miles an hour, so near to a standing tree that a notch was cut in it to prevent the cornices of passing cars from colliding with the tree. The body of the tree was only four inches distant from the sides of the passing cars. This, as it seems to me, was gross negligence. It is going a great way, under these facts, to hold as a matter of law that the decedent was guilty of contributory negligence in leaving his seat, going upon the platform of the car, and putting his head slightly beyond the exterior of the car, in order to see or locate a fire. The fact that the decedent had ridden over the line during the day does not impress me as a circumstance of much importance. It does not appear that on his previous trips he rode on the side of the car next to the tree, and, if he had, he would not have observed it unless, at the moment of passing, his attention had been particularly directed to the tree. If he had observed it, he would not have been sufficiently familiar with its location to know where it was on the line. Permitting a tree to stand within four inches of the exterior line of moving cars is so unusual that it can hardly be said, as a matter of law, to be negligent for a passenger not to have anticipated such a condition. I am not prepared to say that the question of contributory negligence was not for the jury.