had been of long duration, and the existence of which had not been set forth in his application; and it further appeared from the statement of the physician of the branch that the affliction which he was seeking to make the basis of a claim from the sick benefit fund was traceable to this wound on the ankle. The executive board, therefore, had ample warrant for its resolution of expulsion, and the plaintiff acquiesced in its determination by omitting to avail himself of his right to appeal. He should have reviewed the adverse decision in his home branch, among his acquaintances, had he deemed himself aggrieved.

The effect of the expulsion was to sever his relations with the society. With that resolution on the record and in force, the plaintiff cannot maintain an action for damages if the expulsion was in good faith, and complied with the rules of the society. It would be inconsistent to vindicate the legality of the action of the board in expelling the plaintiff, and still allow him to recover damages because of the ejection. The constitution of the association was the contract to which the plaintiff subscribed, and the plan it provides for adjusting remedies between the members and the society must be adhered to, if the provisions are not violative of law, and are executed fairly and equitably. Haebler v. Exchange, 149 N. Y. 414, 44 N. E. 87; Bachmann v. New Yorker Deutscher Arbiter Bund, 64 How. Prac. 442-449. I quote from the Haebler 'Case, at page 427, 149 N. Y., and page 91, 44 N. E.:

"The relator had a right to become a member of this corporation, and to agree to be governed by its charter and by-laws, and when he did so they expressed the contract by which he and every other member were bound, and which measured their rights, duties, and liabilities as members thereof. * * * Hence, to determine the rights of the parties to this controversy, we must be governed by the provisions of the appellant's charter and the by-laws it has adopted. As the members who assented to them are bound by the charter and by-laws of the corporation, their rights are to be measured by them, and a member should not complain of an expulsion or suspension where the proceedings are authorized and are fairly conducted under its laws."

The judgment is affirmed, with costs. All concur.

TUCKER v. BUFFALO RY. CO.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

1. CARRIERS—STREET-CAR PASSENGERS—EXTENDING ARM—CONTRIBUTORY NEGLIGENCE.

That a street-car passenger, sitting beside an open window reading, with his arm resting on the sill, extended his arm not more than three inches outside the car, did not constitute contributory negligence as a matter of law, precluding recovery for an injury to such arm caused by another car passing on a switch.

2. SAME—EVIDENCE—SUFFICIENCY—FINDING.

Where the evidence showed that, at the time of an injury to the arm of a street-car passenger by another car passing on a switch, he was sitting beside an open window, reading, with his elbow resting on the sill, without reason to suppose that the cars would be run so close to each other, and the only circumstance showing want of care on his part was that his

elbow might have extended not more than three inches beyond the sill, such evidence was sufficient to justify a finding that such passenger was using reasonable care at the time of the accident.

Adams, P. J., and Laughlin, J., dissenting.

Appeal from trial term.

Action by Norman A. Tucker against the Buffalo Railway Company. From a judgment in favor of the plaintiff, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

C. M. Bushnell, for appellant.

Herman Hennig, for respondent.

WILLIAMS, J. The action was brought to recover damages for injuries to the plaintiff, alleged to have been caused by the negligence of the defendant. The plaintiff was a passenger upon one of the defendant's street cars. At the time of the accident he sat by one of the windows reading a newspaper, with his elbow resting upon the window sill. Whether his elbow was wholly inside the car, or extended not more than three inches outside the car, was a question of fact in dispute on the trial. As this car passed another car going in an opposite direction on a switch, the two cars came close to each other. Whether they touched each other was a question of fact in dispute on the trial. The cars came so close to each other, at all events, that the plaintiff's elbow was struck by the other passing car, and his arm fractured, causing the injuries for which a recovery was had.

There was evidence given on the trial sufficient to authorize the jury to find that the plaintiff's elbow was wholly inside the car until the two cars came in collision, and that by such collision his elbow was jarred outside the car, and was then struck by the passing car, and his injuries were thus received. The court, however, charged the jury, in effect, that the plaintiff might recover although he was riding with his elbow three inches outside the car, and although the cars themselves did not actually collide, but the passing car came within three inches of the car in which the plaintiff was riding, and thus struck his elbow and fractured his arm and caused his injuries. The court left it to the jury to say, even if the plaintiff was riding with his elbow three inches outside the window, whether he was, under the circumstances, exercising the care of an ordinarily careful and prudent person, and refused to charge the jury that riding with his elbow extending three inches outside the car would constitute contributory negligence as a matter of law. The defendant claims the court erred in so instructing the jury. This question was fully considered, and the earlier decisions in this and other states were discussed, in Francis v. Steam Co., 114 N. Y. 380, 21 N. E. 988. In that case the defendant had opened a trench in Vesey street, in New York City, alongside of the tracks of a street railroad. Upright planks had been set in the trench, within three or four inches of the side of passing street cars. The plaintiff was a passenger riding in one of the street cars, and as the car passed the trench his arm, which

rested upon the window sill, was struck by the upright planks and fractured. There was conflict in the evidence as to whether the plaintiff's arm extended outside the car. The court, among other things, charged that if the jury found the plaintiff sat with his arm out of the open window, and it was so brought in contact with the planks and fractured, it would not defeat his right to recover, unless they further found such conduct was negligent. The defendant requested the court to charge that such conduct constituted contributory negligence and prevented a recovery. Exceptions were taken. The court of appeals (Second division) affirmed the judgment for plaintiff, all the judges concurring. Follett, C. J., after reviewing the cases, concluded:

"We are satisfied that a general rule applicable to all cases cannot be laid down, and that whether the question is one of law or fact must be determined by the circumstances of each case. Street railroads are operated under circumstances widely different,—some in the crowded thoroughfares of large cities; others in streets little used, in suburban districts and in villages. Conduct which would be declared negligent as a matter of law in one case might not be so in another."

It was said further on in the opinion:

"This is not an action by a passenger against his carrier, between whom contractual relations exist, and out of which reciprocal duties arise, but it is an action against a defendant having a right to a limited use of the street, and required to exercise its right so as not to unnecessarily endanger travelers."

We do not, however, regard this statement as indicating that the question would be in any way different in an action against a railroad company by a passenger. All the cases reviewed in the opinion were against railroad companies by passengers.

In Sias v. Railroad Co., 92 Hun, 140, 36 N. Y. Supp. 378, the plaintiff's intestate was a passenger on one of the defendant's cars. He went on the platform, and leaned out beyond the side of the car, and was struck by a tree near which the car passed. The presiding justice of the Fifth department wrote an opinion reviewing many cases, and among them Francis v. Steam Co., above, and arrived at the conclusion that the plaintiff's intestate was guilty of contributory negligence, and that a nonsuit was properly granted by the trial court. The opinion closed with the statement: "However, my associates are of the opinion that the questions as to negligence and contributory negligence should have been submitted to the jury. Therefore a reversal must be ordered." The other justices concurred in the opinion by the presiding justice. This case was retried, and a verdict rendered for the plaintiff, and then came before the appellate division, Fourth department (18 App. Div. 506, 46 N. Y. Supp. 582), and an opinion was written by Mr. Justice Adams, in which the conclusion was arrived at that the plaintiff's intestate was guilty of contributory negligence, and that as to that issue there was no question for the jury. In this opinion the presiding justice and one associate justice concurred, while two associate justices dissented, on the ground that the question of contributory negligence was one of fact, and not of law. The judgment was therefore reversed. On appeal to the court of appeals the appeal was dismissed,

on the ground that it did not affirmatively appear that the appellate division had examined the facts. 159 N. Y. 567, 54 N. E. 1094. It would seem that the two branches of the supreme court reviewing that case placed their decisions not so much on the mere fact that the plaintiff's intestate leaned out beyond the side of the car as upon the circumstances under which he did so. Our conclusion is that the rule laid down by the court of appeals in the case of Francis v. Steam Co., above, should be followed, and that the only question of law involved in this case is whether, under the circumstances, there was evidence from which the jury were justified in finding that the plaintiff was exercising reasonable care at the time of the accident, although his elbow was three inches outside the car. In this view of the case, the charge of the court was right. There were no peculiar circumstances showing want of care by plaintiff aside from the mere fact that his elbow may have extended a little beyond the side of the car. It was a warm day. The car window was open. The plaintiff sat beside it, with his elbow resting on the window sill. He was intent in reading his paper. He had no reason to suppose the cars would be run so closely to each other as they were. It was gross negligence in the defendant to so run its cars, and, under all the circumstances, we cannot say the jury was not justified in finding the plaintiff free from contributory negligence.

There was no reversible error in the admission of evidence with reference to damages, or the charge of the court with reference thereto.

The judgment and order appealed from should be affirmed, with costs. So ordered. All concur, except ADAMS, P. J., and LAUGHLIN, J., who dissent.