HENRY H. SIAS et al., as Administrators of CHARLES H. McKEE, Deceased, Appellants, *v.* ROCHESTER RAILWAY COMPANY, Respondent.

NEGLIGENCE — NON-LIABILITY OF STREET RAILWAY COMPANY FOR INJURIES TO PASSENGER OF COMPANY OPERATING CARS OVER TRACKS OF THE FORMER. Where it appears, in an action to recover damages caused by the alleged negligence of a street railway company, that plaintiffs' intestate was riding upon defendant's tracks in a car belonging to and operated by another street railway company with which defendant had made a traffic arrangement permitting it for a compensation to run cars over its tracks; that his contract of carriage was made with such company and that he received injuries resulting in death, while standing on the platform and projecting his person beyond the side of the car by being struck by a tree growing in close proximity to the track, a nonsuit is properly granted, inasmuch as he was not a passenger upon a car of the defendant and it owed him no duty as such.

*Sias* v. *Rochester Ry. Co.*, 51 App. Div. 618, affirmed.

(Argued November 1, 1901; decided December 20, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 18, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Purcell* for appellants. It having been conceded upon the trial that the plaintiffs' intestate died as the result of the injury sustained in the accident in question, there is no conclusive presumption of law that because the death occurred more than a year and a day thereafter it did not result from the accident. (*Purcell* v. *Lauer*, 14 App. Div. 33; *Schlichting* v. *Wintgen*, 25 Hun, 626; *Sias* v. *R. Ry. Co.*, 92 Hun, 140.) The question of the defendant's negligence should have been submitted to the jury. (*Vail* v. *B. R. R. Co.*, 147 N. Y. 377; *Stierle* v. *U. Ry. Co.*, 156 N. Y. 70; *Gray* v. *R. C. & B. R. R. Co.*, 61 Hun, 212; 15 N. Y. Supp. 927; *Herdt* v. *R. C. & B. R. R. Co.*, 20 N. Y. Supp. 346; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236; *Benthin* v. *N. Y. C. & H. R. R. R. Co.*, 24 App. Div. 303; *Tucker* v. *Buffalo Ry. Co.*, 53 App. Div. 571; *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 42 App. Div. 548; *Mohr* v. *L. V. R. R. Co.*, 55 App. Div. 176; *Baker* v. *N. Y., N. H. & H. R. R. Co.*, 28 App. Div. 316.) The question of the contributory negligence of the decedent in standing upon the platform and protruding his head outside the line of the car should have been submitted to the jury. (*Nolan* v. *B. C. & N. R. R. Co.*, 87 N. Y. 63; *Vail* v. *B. R. R. Co.*, 147 N. Y. 377; *Wood* v. *B. C. R. R. Co.*, 5 App. Div. 492; *Bradley* v. *S. Ave. R. R. Co.*, 34 App. Div. 284; *Hastings* v. *U. C. R. R. Co.*, 7 App. Div. 312; *Graham* v. *M. Ry. Co.*, 149 N. Y. 336; *Goodrich* v. *P. & N. Y. C. & R. R. Co.*, 29 Hun, 50; *Francis* v. *N. Y. S. Co.*, 114 N. Y. 384; *Connolly* v. *K. Ice Co.*, 114 N. Y. 104; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236.) A finding by the jury that the relation of carrier and passenger existed between the decedent and the defendant is justified by the evidence. (*Commercial Bank* v. *Pfeiffer*, 108 N. Y. 242; *Miller* v. *Moore*, 1 E. D. Smith, 739; *Callahan* v. *Matthews*, 87 Hun, 527; *Chapman* v. *N. H. R. R. Co.*, 19 N. Y. 341; *Colegrove* v. *N. Y. & N. H. R. R. Co.*, 20 N. Y. 492; *Barrett*

v. *T. Ave. R. R. Co.*, 45 N. Y. 628 ; *Startz* v. *P. & N. Y. C. & R. Co.*, 16 N. Y. Supp. 810 ; *Wylde* v. *N. R. R. Co.*, 53 N. Y. 156 ; *Hart* v. *R. & S. R. R. Co.*, 8 N. Y. 37.)

*Charles J. Bissell* for respondent. The trial court properly granted the defendant's motion for a nonsuit, and properly denied the plaintiffs' motion to submit any of the questions of fact to the jury. (2 Hawkins' Pleas of the Crown, chap. 23, § 88 ; 4 Black. Com. 198 ; *Schlichting* v. *Wintgen*, 25 Hun, 626 ; *Purcell* v. *Lauer*, 14 App. Div. 33 ; *Littlewood* v. *Mayor, etc.*, 89 N. Y. 24 ; *Murch* v. *C. R. R. Co.*, 9 Foster [N. H.], 9 ; *Fletcher* v. *B. & M. R. R. Co.*, 1 Allen, 9 ; *Mahoney* v. *A. & St. L. R. R. Co.*, 63 Me. 68 ; *Bissell* v. *M. S. & N. I. R. R. Co.*, 22 N. Y. 258 ; 1 Redf. on Railways [6th ed.], 142, 144 ; *Fisher* v. *M. E. R. Co.*, 34 Hun, 433 ; *Miller* v. *N. Y., L. & W. R. R. Co.*, 125 N. Y. 118.) The nonsuit was properly granted because upon the whole evidence the case failed to show that the plaintiffs' intestate was free from contributory negligence. Upon the contrary, the evidence showed affirmatively that his negligence did contribute to bring about the accident. (*Todd* v. *O. C. & F. R. R. R. Co.*, 3 Allen, 13 ; 7 Allen, 18 ; *P. & C. R. R. Co.* v. *McClurg*, 56 Penn. St. 294 ; *P. & C. R. R. Co.* v. *Andrews*, 39 Md. 329 ; *I. & C. R. R. Co.* v. *Rutherford*, 29 Ind. 82 ; *L. & N. R. R. Co.* v. *Sickings*, 5 Bush [Ky.], 1 ; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236 ; *Dale* v. *D., L. & W. R. R. Co.*, 73 N. Y. 468 ; *Hallahan* v. *N. Y., L. E. & W. R. R. Co.*, 102 N. Y. 194 ; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297.)

GRAY, J. The action was brought to recover damages of the defendant, the Rochester Railway Company, for causing the death of the plaintiffs' intestate through negligence. The defendant operated a street railway in the city of Rochester and the accident happened upon its Lake avenue line. The tracks were located between the curb of the street and the sidewalk, and, for the whole distance, were, more or less, close

to the trees, which were grown upon the sides of the avenue.
By a traffic arrangement between the defendant and the
Rochester Electric Railway Company, the latter, which oper-
ated an electric trolley road from Ontario Beach to the city
line, ran its cars over the former's tracks to points within the
city limits.   There was no lease of either road and each com-
pany operated, and managed, its own trains of cars.   At the
time of the accident, the deceased was riding upon one of the
cars of the Rochester Electric Railway Company, as the proofs
conclusively show, and at a point upon the defendant's Lake
avenue line, while standing upon the platform and projecting
his person beyond the side of the car, he was struck upon the
head by a tree, growing in close proximity to the track and
received the injuries, which were alleged to have, subsequently,
caused his death.   The tree stood within one foot and seven
inches of the rail.   Notwithstanding that the contract of the
deceased for his carriage was with the Rochester Electric Rail-
way Company, it is sought to make the defendant liable for
the results of the accident and the negligence relied upon to
create the liability consists in the construction of its railway
in such close proximity to a tree.   It sustained no contractual
relations to the deceased and none such could be predicated
upon a mere traffic arrangement between the two companies,
which permitted the carrier of the deceased, for a compensa-
tion, to run its cars over the defendant's tracks.   The defend-
ant had the right to construct its tracks as, and where, it
did and what duty of care and precaution it was under, for
the safe operation of its cars, it owed to its passengers.   How
it performed its duty we are not informed and it is immaterial
here.   We know that cars could pass the tree.   If there was
any negligence, from which the plaintiff's intestate suffered,
it could only have been in the manner in which the Rochester
Electric Railway Company operated its cars upon such a
track.   If the construction of its cars was defective; or if
their operation and management were such as not to furnish
adequate security for passengers, then that company would be
at fault.   We do not think that the defendant is chargeable,

upon the proofs, with the neglect of any duty owing to the plaintiffs' intestate and, for that reason, the dismissal of the complaint was proper.

The judgment appealed from should be affirmed, with costs.

O'BRIEN, J. (dissenting).    The plaintiffs' intestate, while a passenger in a car over the defendant's railroad, received an injury on the 4th day of September, 1892, which resulted in his death in an insane asylum on the 14th day of December, 1894.    On the third trial of the action the plaintiff was non-suited and the nonsuit was sustained at the Appellate Division, although on a previous appeal the same court decided that the case was one for the jury (92 Hun, 140 ; 18 App. Div. 506 ; 51 App. Div. 618).    The question presented by this appeal is, whether there was any evidence on the last trial for the consideration of the jury, since if there was it must be admitted that the nonsuit was improper.

The learned counsel for the defendant contends that inas-much as the death did not occur within a year and a day from the date of the accident there can be no recovery.    This was a rule of the ancient common law, applicable to cases of homi-cide, originating in doctrines peculiar to the feudal system, and it has no application to the case at bar, which is brought upon a statute which in itself was a wide departure from the rules of the common law.

The street in which the defendant's railroad is operated is one hundred feet wide.    About forty feet or more of the center of this street is occupied by an asphalt driveway fringed with parks and lawns.    The defendant's double track is, there-fore, placed near the curb on both sides of the street, and one of the tracks was placed so close to a tree that a notch had to be cut into it in order to permit the roof of the car to pass.    The tree was about four inches from the side or body of the car. The deceased was traveling in the night, and it was announced in the car that there was a fire in the vicinity.    The deceased, in order to see or locate the fire, got up from his seat in the car and, standing upon the platform, protruded his head about

four inches outside of the body of the car, when his head came
in collision with the tree. It was this collision that resulted
in his subsequent insanity and death ; and the sole question is,
whether the case was one of law for the court or of fact for
the jury. There has been much discussion and conflict of
opinion with respect to this case in the courts below, and it
all centers in this single proposition. But on the argument in
this court, the learned counsel for the defendant did not rest
his case upon that proposition, since he argued and submitted
another question, which will now be briefly referred to.

It appears that the car in which the deceased was a passen
ger was not owned by the defendant, but by another railroad
company that had a traffic agreement with the defendant to
run its cars over the road under the defendant's rules and regu-
lations, dividing the fares with the defendant. The conductor
and motorman on the car in question were employed by the
other railroad, but the defendant furnished and controlled the
power that operated the cars on the road. On this state of
facts it is earnestly contended in behalf of the defendant that
the action has been brought against the wrong railroad and
that it should have been prosecuted against the railroad that
owned the car and that controlled the servants operating it.
I do not think there is anything of substance in this conten-
tion. The statute under which this action is brought permits
a recovery only against the party whose wrongful act or
neglect caused the injury resulting in the passenger's death.
The plaintiff could maintain this action against the railroad
that owned the road and the track for the plain reason that it
was guilty of the wrongful act or neglect resulting in the
injury, or at least there was evidence for the jury on that
question. If that railroad was properly sued it is of no con-
sequence that some other road was liable also ; either or both
may be liable but it is enough that the defendant is. If the
defendant is free from negligence as matter of law, it is diffi-
cult to see how the other road could be held or why it would
not have a complete defense, since it could be said that the
accident was not due to any neglect of duty or any wrongful

act on its part by reason of the location of the track. There is no claim made that the car in which the deceased was riding was in any way defective, nor is there any claim that the accident resulted from any negligence or improper conduct on the part of the motorman or conductor of the car. It was, therefore, impossible for the plaintiff, under the circumstances, to prove any wrongful act, neglect or default on the part of the railroad that owned the car. It did not own the railroad, nor control it in any way; it did not build it; it was not responsible for the construction of the track so close to the tree, or for the existence of the tree so close to the car as to be a dangerous obstruction; it had no power to change the track or to remove the tree, or to avert the accident that happened; it was not charged with any duty in that regard. Possibly, it might have been made liable for a breach of its contract to carry the passenger safely had the passenger survived. But it could not be held liable under the statute upon which this action is based, since it was not guilty of the wrongful act, neglect or default which caused the injury.

The defendant was the proper party in this action. It owned and built the railroad. It maintained and operated it. All the cars passing over the road were moved by its hand and will, since it furnished and controlled the motive power and enacted the rules and regulations under which they were operated. The compensation paid by the passengers, or some part of it, went into its treasury. It maintained the track within a few inches of the tree and it permitted the tree to remain so close to the car that it could be found to be a dangerous obstruction. If the decedent had been injured, not by the tree growing close to the track, but as the result of a broken rail, I assume that no one would then contend that the defendant was not liable. This action is based upon an act or omission of the same character, and, hence, if there was any cause of action at all it was against the defendant and not against some other railroad with which it had a traffic agreement.

In all the discussion that has been had thus far in regard to

this case, I cannot perceive that it has ever been suggested that there was not evidence for the consideration of the jury in regard to the defendant's negligence. The defendant was engaged in exercising a franchise for the conveyance of the public by operating a railroad in a public street. It had the power and it was its duty to construct the railroad in such a way as not to endanger the safety of its passengers. If it constructed its track so close to a tree or any other physical obstruction as to endanger the safety of the traveling public, it could be held to have neglected its duty and to have been wanting in that degree of care and prudence which the law imposed upon it, and so the courts have held in similar cases. (*Benthin* v. *N. Y. C. & H. R. R. R. Co.*, 24 App. Div. 303 ; *Tucker* v. *Buffalo Ry. Co.*, 53 id. 571 ; *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 42 id. 548.)

The only phase of this case which furnishes an opportunity for minds to differ is the question of contributory negligence on the part of the deceased. He was not guilty of contributory negligence as matter of law unless this court is prepared to hold that a passenger on a street railroad, standing upon a platform, who protrudes his head four inches beyond the body of the car, thus coming in collision with a tree, is so guilty. We must be able to say that that was such an imprudent and reckless act on his part as to preclude his personal representatives from the right to recover in this action. There were no rules or regulations of the company against passengers riding or standing upon a platform. It appears that the deceased had traveled over the railroad the day before, and while upon the platform the conductor collected and received his fare. Contributory negligence cannot, therefore, be imputed to the deceased for the mere fact that he was standing upon the platform. If it is to be imputed to him at all it must be for the reason that he protruded his head outside of the line of the car in order to see or locate the fire. I do not think that this is a reasonable or tenable view of the question. The deceased did nothing more than what perhaps the majority of mankind would have done under the same circumstances.

If a passenger riding upon the railroad that runs past this
Capitol, on hearing that the Capitol or City Hall was on fire,
should go upon the platform in order to see the fire and pro-
truding his head four inches outside the body of the car should
come in collision with a trolley pole, a tree or some other
physical obstruction, it would be a very extreme, and I think
unwarranted, view of his conduct to say that he was guilty of
contributory negligence *per se.* It may be that some pas-
senger in the car who was governed by unusual caution and
foresight and gifted with great wisdom would remain in his
seat unmoved and regardless of the excitement around him,
but the majority of the passengers would naturally be prompted
to make some effort to see the fire. The conduct of the
deceased is to be judged from the standpoint of ordinary pru-
dence; that is to say, not by the prudence or caution of the
very wise man, but by that of the average or ordinary man.
If he acted only in the same way that the ordinary man would
act under the same circumstances, it cannot be said as matter
of law that he was guilty of negligence. This court has drawn
a very distinct line between the cases where the negligence of
the party may be adjudged by the court as matter of law and
the cases where it must be determined by the jury as matter
of fact. In the former case the negligence must appear so
clearly that no construction of the evidence or inference drawn
from the facts will warrant a contrary conclusion. But when
it appears from the evidence produced that different minds
may fairly draw different conclusions then the case is for the
jury. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.,* 79 N. Y.
464; *Clemence* v. *City of Auburn,* 66 N. Y. 334; *Smith* v.
*Coe,* 55 N. Y. 678; *Harris* v. *Perry,* 89 N. Y. 308.) It
appears from the record that eleven judges of the court
below have participated in some form in the discussion and
decision of this question, five of whom seemed to have been
of the opinion that the question was one of law for the court,
while on the other hand six of them held that it was a ques-
tion of fact for the jury, and among the latter was one of the
present members of this court. This would seem to be very

satisfactory proof that the conduct of the deceased was such that fair and reasonable men might differ with respect to his prudence and propriety under the circumstances, and, hence, that the question is not one of law for the court but of fact for the jury. This court has never decided that it was negligence, *per se*, for a passenger in a street car to ride upon the platform. On the contrary, it has held that the question of negligence in such a case is for the jury. (*Nolan* v. *B. C. & N. R. R. Co.*, 87 N. Y. 63 ; *Vail* v. *Broadway Railroad Co.*, 147 N. Y. 377 ; *Graham* v. *Manhattan Ry. Co.*, 149 N. Y. 336 ; *Gray* v. *Rochester City & B. R. R. Co.*, 61 Hun, 212 ; *Herdt* v. *Rochester City & B. R. R. Co.*, 20 N. Y. Supp. 346 ; affirmed, 142 N. Y. 626.) Nor has this court ever held that it was contributory negligence, as matter of law, for a passenger to protrude his body slightly beyond the side of a street car, but it has held that the conduct of the passenger in such cases, whether negligent or otherwise, is a question for the jury. (*Francis* v. *N. Y. Steam Co.*, 114 N. Y. 381 ; *Connolly* v. *Knickerbocker Ice Co.*, Id. 104 ; *Hassen* v. *Nassau E. R. R. Co.*, 34 App. Div. 71 ; *Tucker* v. *Buffalo Railway Co.*, 53 App. Div. 571 ; *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 42 App. Div. 548.)

It appears that the car in which the deceased was riding was an open one, except that the sides for a considerable space upwards from the floor were guarded by strong wire screens, and it is argued that the presence of the screens gave notice to the deceased of the danger from trees or other obstructions. It would seem to be clear that such a proposition cannot be affirmed as a matter of law. At most it was but a circumstance for the consideration of the jury. It would be an extreme and unwarranted view of the case to hold that a stranger in the city, as the deceased was, on entering the car was bound to notice the plan upon which it was constructed and to divine from that the existence of trees or other obstacles so close to the track as to endanger his safety in case he protruded his head beyond the side of the car to the extent of four inches. Even if the car had been actually constructed

with any such view it is impossible to perceive how the deceased could have known it without imputing to him a degree of foresight and mental acumen far beyond the capacity of the ordinary man.

The learned counsel for the defendant has cited several cases in support of his contention that the deceased was guilty of contributory negligence as matter of law. Two of the cases cited require a brief notice, as the head note in one of them is somewhat misleading. In *Clark* v. *Eighth Avenue Railroad Co.* (36 N. Y. 135) the action was by a passenger on a street railroad to recover damages resulting from an injury while he was riding on the platform. The learned judge who gave the opinion in that case discussed the question of negligence on the part of the passenger. But it appears that the case was submitted to the jury, and that the plaintiff recovered a verdict which was affirmed in this court. What was said in that case on the subject of contributory negligence was not necessary to the decision of the case. It was shown that the conductor of the car collected the fare from the passenger while he was riding on the platform, and this circumstance was held to be an implied assurance on the part of the company that it was a safe place to ride. Substantially the same circumstance is disclosed by the record in the case at bar. It was shown without contradiction that the day prior to the accident in question the deceased was a passenger upon the defendant's road, and that while riding on the platform the conductor collected his fare. So I am unable to perceive any principle that the case referred to decides which supports the argument in favor of the defendant. A case in which the plaintiff recovered and the recovery was sustained in this court cannot be said to be an authority to support the decision in the present case.

In *Coleman* v. *Second Avenue Railroad Co.* (114 N. Y. 609) the action was by a passenger in an open car who left his seat in the car, and went, not upon the platform, but upon the sidestep. It was claimed that while upon the step he swung himself outside the line of the car and that while so

doing came in contact with a column of the elevated railroad. It must be admitted that in that case negligence could be imputed to the passenger with much more reason than in the case at bar, and yet even in that case the question was submitted to the jury and the plaintiff had a verdict, which was affirmed below, but reversed in this court for an error committed at the trial in refusing to charge a certain proposition presented by the defendant's counsel. It is significant, however, that no suggestion was made in this court that the case was improperly submitted to the jury. There was no principle decided in either of these cases that sustains the nonsuit in the case at bar. Both cases were submitted to the jury and in both there was a verdict for the plaintiff. In one of them the judgment was affirmed in this court and in the other it was reversed, not because it had been improperly submitted to the jury, but for an error in refusing to charge. I think that the question of the defendant's negligence in this case, as well as that of the contributory negligence of the deceased, should have been submitted to the jury, and for these reasons the judgment should be reversed, and a new trial granted, with costs to abide the event.

Parker, Ch. J., Haight, Landon and Cullen, JJ., concur with Gray, J.; O'Brien, J., reads dissenting opinion; Werner, J., not sitting.

Judgment affirmed.