and substantial interest in the litigation, which seeks very materially to affect their rights under the contract which they have commenced to perform, and they should be brought in as parties. Code Civ. Proc. § 452; Osterhoudt v. Board of Supervisors, 98 N. Y. 239.

Motion for injunction granted. The question of security to be determined upon the settlement of the order to be entered hereon.

Motion to bring in parties granted.

Motion granted.

---

(110 App. Div. 620)

### GOLLER v. FONDA, J. & G. R. CO.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. CARRIERS—RAILROADS—INJURIES TO PASSENGER—NEGLIGENCE—EVIDENCE—QUESTIONS FOR JURY.

Defendant railroad's car had a wire screen running on the outside of the car across the windows, the bottom of the screen being about four and one-half inches from the window sill, and the top about a foot below the top of the window. While plaintiff, a passenger, was throwing a paper out of the window above the screen with his right hand, his left arm, which was resting on the window sill, was hit and broken by a stone about the size of a cuspidor, and weighing six or eight pounds. He testified that the stone came in sideways, but did not enter the car itself. The distance from the nearest part of the car to the surface of a rock cut through which the track ran was about 18 feet, and it appeared that rocks had at different times fallen or rolled down, and bounded from the rock cut upon the tracks below, a watchman being frequently kept there, though none was there at the time of the accident. The screen was uninjured, and defendant's evidence showed no injury to the car, though plaintiff testified that after the accident he examined the window sill, and found a piece of the window knocked out of it. *Held*, that the question of the improbability of the accident happening in the manner described by plaintiff was for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

It not appearing just how far plaintiff's arm extended beyond the screen, whether it was merely the elbow or part of the arm slightly protruding in the space under the screen, or the arm extending beyond the car itself, it could not be said as a matter of law, even if some part of the arm was beyond the surface of the screen, that plaintiff was guilty of contributory negligence, and the question was for the jury.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1380.]

Appeal from Trial Term.

Action by Daniel Goller against the Fonda, Johnstown & Gloversville Railroad Company. From a judgment for plaintiff, and from an order denying its motion to set aside the verdict, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

C. S. Nisbet, for appellant.

Henry V. Borst, for respondent.

JOHN M. KELLOGG, J. The plaintiff's evidence tended to show that he was riding on one of the defendant's cars through a rock cut. The car seems to have been the ordinary car, with a wire screen

running on the outside of the car across the windows, the bottom of the screen being about four and one half inches from the window sill, and the top about a foot below the top of the window; that after reading a paper, he threw it with his right hand out of the window above the screen, and immediately, his left arm resting on the window sill, was hit by a stone about the size of a cuspidor and weighing six or eight pounds, and that after he was hit he looked over and saw the stone rolling off on the side of the car between the screen and the window sill. He says the stone came in sideways, but did not enter the car itself. Afterwards, he examined the car, and found a piece of wood knocked out of the sill. Immediately after he was hit, and made the alarm, his arm was found broken, and a passenger observed dirt upon his sleeve such as might come from a stone. Between the track upon which he was and the rock cut, was a track for cars passing in the other direction, the distance from the nearest part of his car to the surface of the rock cut being about 18 feet, and that rocks at different times had fallen, or rolled down, and bounded from this rock cut upon the tracks below, and that frequently a watchman was kept there, but none was there at this time. The screen was uninjured, and the defendant's evidence shows no injury to the car.

The appellant contends that the plaintiff's version of the accident is physically impossible, and that the stone could not have protruded under the screen and injured his arm, and that he could only have been injured by his arm extending under the screen, or over the screen outside of the car. This screen was over the window for the purpose of keeping the passengers, and their arms within the car and to protect them from injury. We cannot say it is a physical impossibility that a stone might, in rolling over this embankment, hit a projecting rock and bound and describe such a curve in falling that it might protrude into this opening between the screen and the sill so as to break the plaintiff's arm. It may be more natural to assume that the arm must have extended under or over the screen and beyond it; but it not appearing just how far it extended beyond, whether it was merely the elbow or a part of the arm slightly protruding in the space under the screen, or the arm extending beyond the car itself, we cannot say as matter of law, even if some part of the arm was beyond the surface of the screen, that it was contributory negligence precluding a recovery. Francis v. New York Steam Co., 114 N. Y. 380, 21 N. E. 988; Tucker v. Buffalo R. Co., 53 App. Div. 571, 65 N. Y. Supp. 989, affirmed 169 N. Y. 589, 62 N. E. 1101.

The questions, then, of the improbability of the accident happening in the manner described by the plaintiff, and the plaintiff's contributory negligence, were for the jury to consider seriously as questions of fact, but do not require a reversal of the judgment as a matter of law. The plaintiff's companion swore that immediately after the accident the plaintiff stated that his arm was out of the window, and there are various contradictory statements of the plaintiff in evidence as to how the accident happened. The strangeness of the occurrence as he relates it, and the circumstances of the case as shown by all the evidence, throw so much doubt upon the plaintiff's version

of the transaction that it cannot be said the verdict is fairly sustained by the evidence.

A new trial should therefore be granted, with costs to the appellant to abide the event. All concur: SMITH and CHASE, JJ., in result.