KUTCHAI *v.* MORETON.

1. CARRIERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — DEGREE OF CARE REQUIRED.
   A passenger upon a street car must exercise a degree of care commensurate with the obvious dangers, or such as are within the comprehension of persons of ordinary foresight and prudence.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EVIDENCE—QUESTION FOR JURY.
   Whether a boy, 12 years of age, sitting on the left side of a street car, who sustained an injury to his left arm by a passing truck, was guilty of contributory negligence in resting his arm upon a window sill with some part of the arm protruding outside of the window, *held*, under the circumstances of the case, a question of fact for the jury.

Error to Wayne; Brown (William B.), J., presiding. Submitted January 6, 1922. (Docket No. 53.) Decided March 31, 1922.

Case by Samuel Kutchai, an infant, by his next friend, against E. Foster Moreton, doing business as the Moreton Truck Company, for personal injuries. Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Keena, Lightner, Oxtoby & Hanley,* for appellant.

*Leon Dreifuss* (*William Henry Gallagher,* of counsel), for appellee.

WIEST, J.   On a summer afternoon, plaintiff, a boy 12 years of age, was a passenger on a street car in the city of Detroit, and occupied a seat on the left side of the car, and rested his left arm upon a window sill, with some part of the arm protruding outside of the window.   Plaintiff testified he did not know whether any part of his arm protruded beyond the window opening, but a witness called by defendant testified plaintiff's elbow rested upon the window sill and his forearm hung down along the outside of the car.   The street car was proceeding west on the north track on Jefferson avenue, a very busy street, and when near Field avenue, a truck belonging to defendant and going east on Jefferson avenue scraped or side-swiped the street car and came into contact with and occasioned a compound fracture of plaintiff's left forearm.   Plaintiff recovered judgment in the circuit court; the question of his contributory negligence being submitted to the jury.

The sole question presented here is whether plaintiff was guilty of contributory negligence, as a matter of law, in permitting his arm to project beyond the car window.   It is the claim of counsel for defendant that it is negligence *per se* for a passenger on a street car in a great and busy city like Detroit, to protrude any part of his arm beyond the window.

The question seems to be one of first impression in

this State, except as we touched upon it in *Corey* v. *Hartel,* 216 Mich, 675.

Double tracks are laid on Jefferson avenue, and the car on which plaintiff was riding was on the track to the north of the center of the street, and under the traffic regulations the truck driven by defendant's employee in going east was required to keep to the south of the center of the street.

We cannot announce an arbitrary rule of law relative to the position a passenger upon a street car must assume. It is sufficient to say that a passenger upon a street car must exercise a degree of care commensurate with the obvious dangers, or such as are within the comprehension of persons of ordinary foresight and prudence.

Had plaintiff canvassed the possibility of danger in resting his arm on the window sill with his forearm hanging down the side of the car, if he so placed his arm, he would have sensed the fact that he was seated where street traffic had no right to come near that side of the car, and that the car was on a wide paved street where there were no poles or anything else likely to strike him. Plaintiff was not bound to anticipate violations of traffic regulations and to hold himself prepared to avoid injury thereby.

Pollock on Torts (9th Ed.), p. 41, is cited with approval in *Cashmore* v. *Chief Commissioner*, 20 C. L. R. (Austr.) 1 (8 British Ruling Cases, 650), and is applicable here:

"If men went about to guard themselves against every risk to themselves or others which might by ingenious conjectures be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his

precaution by the measure of what appears likely in the known course of things."

The defendant cannot be heard to say that the negligent disregard of human safety by the driver of the truck was conduct to be reasonably apprehended by plaintiff in riding in the street car. We cannot hold, as a matter of law, that a person of ordinary prudence should have apprehended the possibility of danger from some vehicle, driven in violation of traffic regulations, side-swiping the street car.

In *Georgetown, etc., R. Co.* v. *Smith,* 25 App. D. C. 259 (5 L. R. A. [N. S.] 274), it was stated:

"When passengers upon railroads operated by steam have received injuries by reason of the protrusion of their arms out of open windows, the courts, in considering such cases, have differed as to whether such protrusion is, as matter of law, contributory negligence. There has also been some conflict of decisions when the injured persons have been passengers upon street cars, but the weight of authority is that the question of negligence is a question of fact for the jury, and not a question of law to be ruled upon by the court."

In *Seigel* v. *Eisen,* 41 Cal. 109, the plaintiff, while standing on the rear platform of a street car, with his hand on the railing, had his hand hurt by a wheel of defendant's dray as it passed the rear of the car, and the court held that plaintiff's contributory negligence, if any, was a question for the jury.

In *Cummings* v. *Railroad Co.,* 68 Kan. 218 (74 Pac. 1104, 1 Ann. Cas. 708), a passenger on a summer street car leaned his head out of the car to hear what was said by another passenger two seats ahead and was struck by a trolley pole, and it was held the question of contributory negligence was one of fact for the jury.

In *Gage* v. *Transit Co.,* 211 Mo. 139 (109 S. W. 13), it was held:

"It is the well-settled law of this State, and elsewhere, that it is not negligence, as a matter of law, for a passenger on a street car to protrude a portion of his body out of the car in which he is being carried, but such question is one of fact to be determined by the jury, under proper instructions from the court; the test being. whether or not the ordinarily prudent person would do the same act under the same or like circumstances."

The same rule was applied in *Gardner* v. *Railway Co.*, 223 Mo. 389 (122 S. W. 1068, 18 Ann. Cas. 1166).

The question whether the plaintiff was guilty of negligence contributing to his injury was one of fact, and in determining that question the manner in which he was sitting, the position of his arm, the risk, if any, such position necessarily exposed him to under ordinary conditions, which might reasonably be expected to exist, were to be considered by the jury; but the question was not one of law, to be determined by the court.   *Pell* v. *Railroad Co.*, 238 Ill. 510 (87 N. E. 542) ; *Elliott* v. *Railway Co.*, 18 R. I. 707 (28 Atl. 338, 31 Atl. 694, 23 L. R. A. 208) ; *Dahlberg* v. *Railway Co.*, 32 Minn. 404 (21 N. W. 545, 50 Am. Rep. 585) ; *Francis* v. *N. Y. Steam Co.*, 114 N. Y. 380 (21 N. E. 988) ; *Tucker* v. *Railway Co.*, 53 App. Div. 571 (65 N. Y. Supp. 989) ; affirmed 169 N. Y. 589 (62 N. E. 1101).

We have examined the case of *Terminal Co.* v. *Hancock*, 75 Ohio St. 88 (78 N. E. 964, 6 L. R. A. [N. S.] 997, 8 Ann. Cas. 1036, 116 Am. St. Rep. 710), where it was held:

"It is negligence as matter of law for a passenger traveling on a rapidly moving railroad car to intentionally and needlessly project his arm or a part thereof out of the window of the car."

The court there applied to passengers upon street railways the rule of negligence adopted by some courts with reference to passengers on steam railroads.   We

have examined the authorities with reference to passengers upon steam railroads and find a great diversity of opinion, not only in the cases but also in the text books.    We do not undertake in this case to determine what would be negligence on the part of a passenger on a steam railroad car but confine ourselves to the question of negligence on the part of a passenger on a street car.    We decline to adopt any arbitrary rule relative to the position a passenger on a street car may reasonably be allowed to assume.    We are not prepared to say that to protrude an arm to some extent outside the window of a street car is always and under all circumstances negligence, but feel that each case must stand upon its own facts; and what is, or is not, ordinary prudence, as to the position which one shall assume when sitting at the open window of a street car, is one of fact for the jury.    The question of plaintiff's contributory negligence was properly submitted to the jury.

The judgment is affirmed, with costs to plaintiff.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.